### STATE v. ISAAC GROSS AND ANDREW JOHNSON.

*Indictment for Obstructing Highway—Highways, What Are.*

A road used for 60 years as a neighborhood road by persons going to and from church, and to mill during high water, but never established as a public road by legal proceedings, dedication or by user, accepted and recognized by competent authority, being kept up by voluntary labor on the part of those using it, and always under the exclusive control of the owners of the land over which it passes, is not a public highway.

INDICTMENT for obstructing a road, tried before *Bryan*, *J.*, and a jury, at Fall Term, 1895, of WATAUGA Superior

Court.   The jury returned a special verdict, the principal facts of which are set out in the opinion of Chief Justice FAIRCLOTH.   His Honor held that, upon the special verdict, the defendants were not guilty and the Solicitor appealed.

*Attorney General,* for the State.
No counsel, *contra.*

FAIRCLOTH, C. J. :  This is an indictment for obstructing a road traveled by citizens going to a church.   The facts are found by the jury as follows :   That about 60 years ago the road described in the indictment was first used as a neighborhood road by the public in passing to and from church, and to mill during highwater and in ice.   No proceeding was ever had declaring it a public road and establishing it as such.   No overseer or hands were ever assigned to said road.   The road had been kept up by voluntary labor on the part of the neighbors interested in it. It extends in part over the lands of defendants.   About eighteen years ago the defendants cleared land on either side of the road on their own premises, enclosing the same by a fence and placing bars at either side of the field where the road enters the field.   The public continued to use the road, passing through the field and the bars without interruption, up to about April, 1894, and on or about said time the defendant Johnson obstructed the road leading through said field, providing a passway around the field, but not so good as the road through the field, and of a little greater distance.   If upon these facts the court be of opinion that the defendant is guilty, then the jury find him guilty ; but if otherwise, then the jury find him not guilty.   His Honor held that the defendant was not guilty, and so adjudged, and the Solicitor for the State excepted and appealed.

There was no error in the conclusion of the court. A public highway is one under the control of, and kept up by the public, and must be established by a regular proceeding for that purpose, or generally used by the public for twenty years, or dedicated by the owner of the soil and accepted by the proper authorities of the county, and for the maintenance and reparation of which they are responsible. However it may originate, it must be a public charge, and of necessity have an overseer and hands to work it, to erect and keep bridges in repair at the public expense. The law, however, will not allow a private citizen to dedicate a public highway on his own motion without the sanction of the authorities. The road before us, then, is not a public road. *State* v. *McDaniel*, 8 Jones, 284; *Kennedy* v. *Williams*, 87 N. C., 6; *State* v. *Fisher*, 117 N. C., 733.

The facts here show that the road has not been established by any legal proceedings, nor by dedication, nor by user accepted and recognized by any competent authority, the obstruction of which is forbidden by law. These facts show only a neighborhood road, for the goers and comers to the church and mill, all the time under the exclusive control of the defendants, stopping at the church and mill, and constitute only what Frenchmen call a *cul de sac*.

No Error.