ETHEL S. HAYES ET AL. *v.* WESTERN UNION TELEGRAPH CO. ET AL.

(Filed 27 January, 1937.)

**1. Negligence § 19b—**

> A motion to nonsuit on the ground of contributory negligence may be allowed only when plaintiff's own evidence establishes contributory negligence and there is *no conflict* in the evidence as to the pertinent facts. C. S., 567.

**2. Automobiles § 18c—Evidence held not to disclose contributory negligence as matter of law on part of pedestrian.**

   Plaintiff's evidence tended to show that plaintiff attempted to cross a street in a city in the middle of the block, with bundles in her arms, and that as she came from between parked cars, she was struck by a messenger boy riding a bicycle at a high rate of speed, without lights. *Held:* Plaintiff's evidence fails to show contributory negligence as a matter of law, and defendant's motion to nonsuit was correctly denied.

APPEAL by defendants from *Frizzelle, J.,* at April Term, 1936, of DURHAM.

Civil actions by *feme* plaintiff and her husband to recover damages for personal injuries, loss of services, hospitalization, etc., alleged to have been caused by the negligence of the defendants, consolidated and tried together, as both causes of action arise out of the same injury. *Fleming v. Holleman,* 190 N. C., 449, 130 S. E., 171.

On the evening of 3 November, 1934, about 8 o'clock, the *feme* plaintiff emerged from an A. & P. store on the south side of West Chapel Hill Street in the city of Durham, and started across the street, in the middle of the block, with bundles in her arms, and coming from between parked cars. At the same time Marshall Hartsell, a messenger boy of the corporate defendant, came down the street riding a bicycle at a high rate of speed, without lights, and in violation of city ordinance, struck the *feme* plaintiff as she was attempting to cross the street, and inflicted serious injuries.

The cases were tried upon the usual issues of negligence, contributory negligence, and damages, and resulted in verdict and judgment for plaintiffs.

Defendants appeal, assigning errors.

*Basil M. Watkins for plaintiffs, appellees.*
*R. O. Everett for defendants, appellants.*

STACY, C. J. The battleground of debate is whether the alleged contributory negligence of *feme* plaintiff should be held to bar recovery as a matter of law. *Holton v. R. R.,* 188 N. C., 277, 124 S. E., 307. It is conceded that ordinarily the issue is for the twelve. *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601; *Butner v. R. R.,* 199 N. C., 695, 155 S. E., 601; *Smith v. R. R.,* 200 N. C., 177, 156 S. E., 508. See, also, *Davis v. R. R.,* 187 N. C., 147, 120 S. E., 827, where the question is discussed at length by *Hoke, J.,* with full citation of authorities.

Originally, under C. S., 567, in cases to which it was applicable, there was considerable doubt as to whether a plea of contributory negligence—the burden of such issue being on the defendant—could be taken ad-

7—211

vantage of on a motion to nonsuit, but it is now well settled that such may be done when the contributory negligence of the plaintiff is established by his own evidence, as he thus proves himself out of court. *Wright v. R. R.,* 155 N. C., 325, 71 S. E., 306; *Horne v. R. R.,* 170 N. C., 645, 87 S. E., 523, and cases there cited.

Speaking to the subject in *Battle v. Cleave,* 179 N. C., 112, 101 S. E., 555, *Hoke, J.,* delivering the opinion of the Court, said:

"It is earnestly insisted for defendant that judgment of nonsuit should have been entered by reason of contributory negligence on the part of the plaintiff. Such a judgment has been given in rare instances on the grounds suggested, and where, from the proof offered in support of plaintiff's cause of action, it clearly appears that his own negligence has been the proximate cause of the injury or one of them. *Dunnevant v. R. R.,* 167 N. C., 232; *Mitchell v. R. R.,* 153 N. C., 116; *Strickland v. R. R.,* 150 N. C., 4.

"The burden of showing contributory negligence, however, is on the defendant, and the motion for nonsuit may never be allowed on such an issue where the controlling and pertinent facts are in dispute, nor where opposing inferences are permissible from plaintiff's proof, nor where it is necessary in support of the motion to rely, in whole or in part, on evidence offered for the defense. *Russell v. R. R.,* 118 N. C., 1098; *House v. R. R.,* 131 N. C., 103."

Again, in *Moseley v. R. R.,* 197 N. C., 628, 150 S. E., 184, *Clarkson, J.,* speaking for the Court, observed: "A serious and troublesome question is continually arising as to how far a court will declare certain conduct of a defendant negligence, and certain conduct of a plaintiff contributory negligence, and take away the question of negligence and contributory negligence from the jury. The right of trial by jury should be carefully preserved, and if there is any evidence, more than a scintilla, it is a matter for the jury and not the court."

The issue of contributory negligence in the instant case was for the jury.

Whether the defendant's violation of the traffic ordinance should be regarded as negligence *per se,* or only *prima facie,* is controlled by what was said in *Hinshaw v. Pepper,* 210 N. C., 573; *Goss v. Williams,* 196 N. C., 213, 145 S. E., 169; *S. v. Cope,* 204 N. C., 28, 167 S. E., 456. Compare *Exum v. Baumrind,* 210 N. C., 650; *Kelly v. Hunsucker, ante,* 153.

No error.