The suit is to recover the sum of $184.79 as damages to plaintiff's car resulting from a collision with a truck owned by the Home Oil Company, Inc., and driven by its employee in the afternoon of January 25, 1940. The plaintiff's car was being driven at the time by J.H. Blackburn to whom the car had been loaned by plaintiff. Blackburn was driving north on Nicholson Drive and the truck was going in the same direction. Nicholson Drive leads from the University to the City of Baton Rouge and has a double lane of traffic on both sides of the neutral ground in the center. The collision occurred just before reaching Magnolia Street which crosses the drive at right angles. The State Farm Mutual Automobile Insurance Company, the insurance carrier on the Oil Company truck, is also made a defendant in the case.
It is alleged by the plaintiff that the collision was caused by the negligence of the driver of the Oil Company truck in making a sudden left turn before reaching the intersection of Magnolia Street; in his failure to extend his hand or give any other signal indicating his intention to make a left turn, and in his failure to keep a proper lookout and have the truck under proper control. The defendants filed a joint answer admitting the collision, but they denied any negligence on the part of the truck driver. They allege that the accident was caused by the reckless driving of Blackburn who tried to pass the truck at an excessive rate of speed, and in the alternative, the defendants pleaded contributory negligence on the part of plaintiff in that she loaned her car to Blackburn knowing that he was an unsafe and reckless driver. Certain exceptions were filed that will be mentioned hereafter.
The trial court rendered judgment in favor of the plaintiff and against both defendants for the amount claimed as damage to the car. Both defendants have appealed.
Exceptions of no cause or right of action were filed in the trial court, and these exceptions are reurged on appeal and similar exceptions filed in this court. The exceptions are based on the ground that the testimony of plaintiff and Blackburn shows that the latter advanced to the plaintiff the money with which to pay the repair bill on the car caused by the accident, and therefore, the plaintiff has no interest in prosecuting this suit and no right to stand in judgment herein.
Both plaintiff and Blackburn were working at the University, and the evidence shows that the plaintiff loaned her car to Blackburn to enable him to go to the City of Baton Rouge on a mission of his own.
Blackburn did not himself pay the repair bill but advanced the money to the plaintiff, who herself paid the bill for the repairs on the car. The evidence leads us to *West Page 581 
believe that Blackburn advanced this money to plaintiff as an accommodation to her, but both thought that the Oil Company was liable for the damage, and there was no intention on the part of either that Blackburn would pay the plaintiff for the damage to her car and thereby become subrogated to her rights against the Oil Company. In fact, it is clear that they both expected the Oil Company to pay the damage, and it was because the plaintiff was not able to pay the repair bill, as she testified, that Blackburn felt morally obligated to advance her the money for this purpose until she was able to recover the amount from the Oil Company. Blackburn was frank enough to admit that if plaintiff could not recover the amount from the Oil Company, he did not expect her to refund him the money as he felt that she should not lose the amount as she had accommodated him by loaning him the car. While he felt no legal obligation to pay the bill, he felt morally obligated to do so.
It remains a fact that the car belonged to the plaintiff, and the damage to it was recoverable by her. Unless Blackburn paid the damage with the intent to become fully subrogated to the rights of the plaintiff, the latter did not lose her interest in prosecuting the suit to recover the damage caused to the car by the alleged negligence of the Oil Company's driver. Furthermore, the defendants cannot be prejudiced or affected in their rights by the act of accommodation on the part of Blackburn in advancing plaintiff the necessary funds with which to pay the bill. We therefore conclude that this exception is without merit.
There is not a great deal of difference in the testimony of the truck driver and Blackburn as to how the accident occurred. Accepting the testimony of either as correct, the responsibility for the accident must be placed on the truck driver. He was guilty of negligence in several respects.
The truck driver testified that he was traveling north on the east or right traffic lane until he got within about a half block of the intersection when he pulled over to his left so as to make the wheels of the truck straddle the black line dividing the two traffic lanes east of the neutral ground; that when he got to the corner of Magnolia Street, he cut and turned to his left and the car in the rear struck the left rear of his truck just as he made the turn at the rounded corner of the neutral ground which stops a few feet below the south margin of Magnolia Street. He admits that he did not give any signal with his hand, or otherwise, indicating his intention to turn to the left, nor did he see the car approaching from the rear although he claims that he looked in his rear view mirror before making the turn.
Blackburn testified that the truck was traveling ahead of him in the right traffic lane, and he was following in the left traffic lane; that when about halfway the block, he began to get close to the truck, and when the front end of his car was about even with the rear of the truck, and while he was 80 or 100 feet from the intersection, the truck began to pull to its left in front of his car; that he blew his horn frantically, applied his brakes and pulled as close as possible to his left toward the neutral ground, but the truck continued to crowd him into the curb and the right front of his car struck the left rear end of the truck some 6 feet south of the rounded end of the neutral ground at the intersection. He was going not over 50 miles per hour before he began applying his brakes to keep from striking the truck turning in front of him.
The evidence shows that the car driven by Blackburn skidded for about 80 feet, beginning slightly to the east or right of the center line dividing the two traffic lanes. This indicates that he applied his brakes about that distance from the point of impact and pulled his car to the left in a diagonal direction until he got to the curb of the neutral ground a few feet south of the end of the neutral ground where the collision occurred. In other words, for some 80 or 100 feet the truck pulled to its left directly in front of traffic coming on the left traffic lane and the driver gave no signal whatever of his intention to turn left before he reached the intersection and began to turn.
The speed of Blackburn was not excessive under the circumstances. He was driving on a wide, double-lane boulevard and in a locality where there were very few residences. He had a right to assume that the driver of the truck would not turn to his left and attempt to enter an intersecting street leading west without giving a proper signal of his intention to turn, and without observing traffic approaching from the rear. The violation of the rules of the road by the truck driver in the respects mentioned was the proximate cause of the accident, and the trial *West Page 582 
court correctly held the defendants liable for the damages to plaintiff's car.
For the reasons assigned, the judgment appealed from is hereby affirmed at the cost of appellants in both courts.