W. J. KILLOUGH v. FRANK WILLIAMS AND BERNICE LOCKAMY.

(Filed 19 April, 1944.)

**Negligence § 19a—**

> In an action to recover damages for injuries to plaintiff caused by alleged negligence of defendant, where plaintiff's evidence tended to show that he was driving his automobile just after dark, on a paved highway, following about forty feet in the rear of defendants' truck, at about 35 miles per hour, when defendant pulled to the right, off the shoulder of the road, apparently as if to stop, then suddenly, without signal or warning, drove the truck to the left across the road immediately in front of plaintiff's car, leaving neither time nor space to avoid the collision from which the damage resulted, motion for judgment as of nonsuit was erroneously granted, as contributory negligence on the part of plaintiff does not conclusively appear from his evidence.

APPEAL by plaintiff from *Stevens, J.,* at February Term, 1944, of WAKE. Reversed.

Action for damages for personal injury alleged to have been caused by the negligence of the defendants in the operation of a motor truck. At the conclusion of the plaintiff's evidence motion for judgment of nonsuit was allowed, and plaintiff appealed.

*Thomas W. Ruffin for plaintiff, appellant.*
*Smith, Leach & Anderson and P. D. Herring for defendants, appellees.*

DEVIN, J. The plaintiff's appeal brings up for review the ruling of the trial court that the evidence offered was insufficient to warrant submission of the case to the jury. In order to determine the correctness of this ruling the evidence must be considered in the light most favorable for the plaintiff.

From the evidence introduced on the trial it was made to appear that on the occasion alleged, just after dark, plaintiff was driving his automobile on a paved highway following defendants' truck. Defendants' truck pulled to the right, off on the shoulder of the road, apparently as if about to stop, the plaintiff being about 40 feet to the rear and driving about 35 miles per hour. Then suddenly, without signal or warning, defendants' truck was driven to the left across the highway immediately in front of plaintiff's automobile, leaving him neither time nor space within which to avoid a collision. Plaintiff sustained substantial injury.

Obviously there was evidence of negligence on the part of defendants, but it is insisted by appellees that according to plaintiff's own testimony he was guilty of contributory negligence in following too closely in the rear of the truck. G. S., 20-152; *Allen v. Bottling Co.,* 223 N. C., 118. However, we do not think contributory negligence on the part of the plaintiff conclusively appears from his evidence. Hence he was entitled to have his case submitted to the jury. *Hampton v. Hawkins,* 219 N. C., 205, 13 S. E. (2d), 227; *Smith v. Coach Co.,* 214 N. C., 314, 199 S. E., 90; *Cole v. Koonce,* 214 N. C., 188, 198 S. E., 637; *Hayes v. Tel. Co.,* 211 N. C., 192, 189 S. E., 499; *Murphy v. Coach Co.,* 200 N. C., 92, 156 S. E., 550.

The judgment of nonsuit was improvidently entered and must be

Reversed.