MILTON HOBBS v. MARVIN T. DREWER AND EDDIE N. JOHNSON.

(Filed 27 February, 1946.)

**1. Automobiles § 18g—Evidence held not to establish contributory negligence as a matter of law.**

The accident in suit occurred between defendants' truck and plaintiff's bus, traveling in opposite directions, during darkness, just as plaintiff's bus was entering onto a bridge 60 feet long, with steel sides and traveled portion 17 feet wide, center line marked. Defendants moved for nonsuit and directed verdict on the ground that plaintiff was guilty of contributory negligence in failing to pause to permit the truck to emerge from the bridge before he entered thereon. The evidence considered in the light most favorable to plaintiff tended to show that the roadway on the bridge was one foot wider than the paved surface of the highway leading to the bridge, that he knew there was room for him to pass a truck 8 feet wide (G. S., 20-116), that he was traveling on his right at a moderate speed, that if each vehicle continued on its proper side there was sufficient clearance for them to pass in safety, and that plaintiff did not know the approaching vehicle was a truck until just before he was struck. *Held:* Contributory negligence was not made conclusively to appear, and defendants' motions were properly denied.

**2. Negligence § 19b—**

Involuntary nonsuit on the issue of contributory negligence is proper only when that conclusion is the only one which can be reasonably drawn from plaintiff's evidence, without considering defendant's evidence except in so far as it explains plaintiff's evidence and is not in conflict therewith.

**3. Negligence § 20: Trial § 29b—**

An instruction that defendants must have offered evidence satisfying the jury by its greater weight that plaintiff was guilty of contributory negligence in order for the jury to answer that issue in the affirmative must be held for reversible error in depriving defendants of their right to have plaintiff's admissions and the testimony of plaintiff's witnesses, as well as that elicited on cross-examination, considered by the jury on the issue.

APPEAL by defendants from *Harris, J.,* at November Term, 1945, of GATES. New trial.

This was an action to recover damages for injury to plaintiff's bus resulting from collision with defendants' motor truck. The vehicles were traveling in opposite directions, and the collision occurred on or near the south end of a two-way bridge, on State Highway 17, in Camden County. The bridge was 60 feet long with the traveled portion 17 feet wide, center line marked. The paved surface of the highway leading to the bridge was 16 feet wide, straight and level. The plaintiff's bus was proceeding north and the defendants' truck south. It was early in the morning and yet dark.

Plaintiff offered evidence tending to show that he was driving his bus at the rate of 15 miles per hour on his proper side of the highway, and that defendants' truck was being operated by defendants' driver at 40 miles per hour, with undimmed lights, and that at the time of and immediately before the collision the truck was being driven two feet to the left of and over the center of the roadway. The bus was in the act of entering the bridge when struck by the truck and its side badly injured. The left front of the truck struck the left side of the bus behind the driver's seat. The steel sides of the bridge were dented by the bodies of the truck and bus, as result of the collision.

Defendants' evidence, on the other hand, tended to show the truck was proceeding at 30 to 35 miles per hour, on its right side of the roadway, with proper lights, and that it was struck by plaintiff's bus. Plaintiff was familiar with the road and bridge. Defendants pleaded the negligence of plaintiff as a bar to his action and as the basis for counterclaim for damages for injury to defendants' truck. It was contended that plaintiff should have seen that he was meeting a large truck on a narrow bridge with steel sides and that the vehicles would have to pass so close to each other as to constitute a potential hazard, and hence plaintiff should have waited for defendants' truck to pass before entering on the bridge.

Motions for judgment of nonsuit, and directed verdict were denied.

Issues of negligence, contributory negligence and damage were submitted to the jury, and answered in favor of the plaintiff. From judgment on the verdict defendants appealed.

*John H. Hall for plaintiff, appellee.*
*W. A. Worth and J. Kenyon Wilson for defendants, appellants.*

DEVIN, J. The defendants' appeal presents two principal questions: (1) Were defendants entitled to the allowance of their motion for judgment of nonsuit or directed verdict, and (2) passing that, did the court

err in the instructions to the jury on the issue of contributory negligence, entitling defendants to a new trial?

1. It was urged by defendants that the plaintiff, being familiar with the road and observing on the bridge an approaching motor vehicle the width and type of which he did not know, and aware that his own bus was 7½ feet wide, should have paused to permit the truck to emerge from the bridge before entering and attempting a passage with clearance so limited, and that his failure so to do was a proximate contributing cause of the injury to his bus.

However, it will be noted that the width of the roadway on the bridge was one foot wider than the paved surface of the highway leading to the bridge, and hence, if plaintiff could proceed at all on the paved highway when meeting a motor vehicle, the question of ordinary prudence on his part would not be foreclosed by his admission that he continued to drive at moderate speed onto the bridge where the road was level and straight and the known clearance of the bridge seventeen feet, in the absence of anything to put him on notice that the width or other characteristic of the approaching vehicle was such as to import danger. Furthermore, according to plaintiff's evidence, if each vehicle continued on its proper side of the roadway on the bridge, there was sufficient clearance for them to pass in safety, and he contends he had the right to assume that the oncoming vehicle would remain on its right side of the road. *Shirley v. Ayers,* 201 N. C., 51, 158 S. E., 840; *Cummins v. Fruit Co.,* 225 N. C., 625. Plaintiff testified he knew there was room to pass a truck eight feet wide (the maximum under G. S., 20-116), and that he did not know the approaching vehicle was a truck until just before he was struck. "I discovered it was a truck when I saw that red body (of the truck) coming into me. I did not have time to put on my brakes."

Under these circumstances, and considering the evidence for the purpose of this motion in the light most favorable for the plaintiff, we are unable to say that as a matter of law contributory negligence was made conclusively to appear. It was said in *Atkins v. Transportation Co.,* 224 N. C., 688, 32 S. E. (2d), 209: "A judgment of involuntary nonsuit on the grounds of contributory negligence will not be sustained or directed unless the evidence is so clear on that issue that no other conclusion seems permissible." See also *Cole v. Koonce,* 214 N. C., 188, 198 S. E., 637, and *Manheim v. Taxi Corp.,* 214 N. C., 689, 200 S. E., 382. "As the burden of proof upon the issue of contributory negligence was upon defendants, it is the settled rule in this jurisdiction that judgment of nonsuit on this ground can be rendered only when a single inference, leading to that conclusion, can be drawn from the evidence." *Hampton v. Hawkins,* 219 N. C., 205, 13 S. E. (2d), 227; *Hayes v. Tel. Co.,* 211 N. C., 192, 189 S. E., 499. On this motion the evidence is to be consid-

ered in accord with the rule stated in *Harrison v. R. R.*, 194 N. C., 656, 140 S. E., 598, and *Gregory v. Ins. Co.*, 223 N. C., 124, 25 S. E. (2d), 398.

We think it was a matter for the jury, and that the ruling of the court in this respect should be upheld.

2. The defendants assign error in the following instruction to the jury on the issue of contributory negligence: "The burden of that issue (the second) is on the defendant(s). Before you can answer that issue yes, which means that you find Milton Hobbs is guilty of contributory negligence, as I have explained contributory negligence to be, the defendant(s) must have offered evidence which satisfies you from the evidence and by its greater weight that Milton Hobbs was guilty of contributory negligence. If you are so satisfied you would answer the second issue yes: if you are not so satisfied you would answer it no."

The defendants insist that the trial judge unwittingly restricted their defense on this issue by instructing the jury that before they could find the plaintiff chargeable with contributory negligence the defendants must have offered evidence which should satisfy them of this fact, and that the jury was thereby precluded from considering plaintiff's admissions, and the evidence of plaintiff's witnesses, as well as that elicited on cross-examination, as bearing on this question. On the record before us this is the only instruction given the jury on this issue. We find nothing to counteract or explain or cure the prejudicial effect of the language used. We are constrained to hold there was error in this instruction. *Conley v. Pearce-Young-Angel Co.*, 224 N. C., 211; *S. v. Ellerbe*, 223 N. C., 770, 28 S. E. (2d), 519.

It is unnecessary to consider the other exceptions brought forward in the assignments of error as they may not arise on another hearing.

For the error pointed out there must be a

New trial.