EUGENE S. LEVY, SR., v. CAROLINA ALUMINUM COMPANY,
A CORPORATION.

(Filed 24 May, 1950.)

**1. Negligence § 19c—**

Nonsuit on the ground of contributory negligence should not be granted unless there is no conflict in the evidence as to the pertinent facts and plaintiff's evidence, taken in the light most favorable to him, so clearly establishes contributory negligence that no other reasonable inference can be drawn therefrom.

**2. Trial § 22a—**

On motion to nonsuit, the evidence must be considered in the light most favorable to plaintiff.

**3. Automobiles § 8i—**

A private driveway is not an intersecting highway within the meaning of G.S. 20-150 (c). G.S. 20-6.

**4. Automobiles §§ 14, 18h (3)—Overtaking and passing vehicle on its right held not contributory negligence as matter of law under circumstances.**

The evidence tended to show that plaintiff's vehicle was following that of defendant, that defendant's truck slowed down and pulled to its left of the highway, that a person in the rear of the truck motioned plaintiff's driver to go ahead, and that as plaintiff's vehicle started to pass defendant's vehicle on its right, the driver of defendant's truck turned right to enter a private driveway, and the two vehicles collided. *Held:* Nonsuit on the ground of contributory negligence was erroneously entered, since, whether defendant's driver was guilty of contributory negligence in attempting to pass defendant's vehicle on the right is a question for the determination of the jury under the circumstances. G.S. 20-149 (a).

APPEAL by plaintiff from *Phillips, J.,* at February Term, 1950, of STANLY.

Civil action instituted by the plaintiff to recover damages for injuries to his person and property resulting from alleged negligence in the operation of the defendant's motor vehicle by its servant and agent.

According to plaintiff's evidence the driver of plaintiff's Chevrolet pick-up truck and the plaintiff were proceeding in said truck along a paved highway 18 feet in width, leading from Badin to Norwood, around 11:30 a.m., on 24 June, 1948. The plaintiff's truck had been trailing the defendant's truck for about a mile, when the driver of the defendant's truck pulled it to the left side of the highway, both left wheels of the defendant's truck "got about eighteen inches to two feet off the hard surfaced portion of the road. No signal at all was given for left-hand turn or right-hand turn." The defendant's truck slowed down to about ten miles per hour, but did not stop completely. Someone on the back of defendant's truck motioned to the plaintiff's driver to come on. When the plaintiff's driver attempted to pass, the defendant's driver cut to his right and the defendant's truck struck the left side of the plaintiff's truck, causing it to turn over and resulting in considerable damage to the truck and inflicting serious personal injuries to the plaintiff.

The plaintiff's driver testified: "There was no side highway intersecting with the highway I was traveling on. Only a side road going up to some houses. There were no signs indicating an intersection with the highway. . . . The road was straight and level where the collision occurred. . . . When the defendant's truck ran into me it was pulled from

the left-hand side to the right. After I had just about stopped, I increased my speed a little after they motioned me to pass. The left door of my truck was first struck by the defendant's truck. . . . I saw the electric signal lights on the back of the truck, but they weren't working. . . . I am positive I looked for a signal light and didn't see any. In spite of the fact that I didn't know what the truck was going to do, I tried to pass it on the right after they motioned me to come on around."

At the close of plaintiff's evidence, the defendant moved for judgment as of nonsuit. The motion was denied and the defendant excepted.

The defendant's driver testified that he put his "light signal on about 150 feet back. . . . I knew Mr. Levy's truck was following me, I saw it from the rear view mirror. I assumed it would stay behind me until I made my turn. . . . When I said I gave a signal, it was one indicating a turn to my right. I turned to the left to bear to the right, and crossed the center of the highway on a right turn. I gave no hand signal, if I had given one it couldn't have been seen on account of the way the truck was constructed. I knew this man was behind me. . . . I had the signal for a right turn on when turning to the left; I did not turn to the right in accordance with the indication of the signaling device, because I could not get into the road, it was too narrow. . . . I last saw plaintiff's vehicle when I started to make the turn. It was about 20 to 25 feet away on its right-hand side of the highway."

Charles Bowers, who was standing in the rear of the defendant's truck with several other employees of the defendant, testified for the defendant as follows: "I signaled for him to stay back. . . . When I started to waving my hand he slowed down at first; . . . and then went on around when I gave the signal. . . . I did not hold my hand out to the right, indicating that the driver of the vehicle in which I was riding was going to turn to the right, I gave him a signal to stay back."

The defendant's evidence further tends to show that its driver intended to enter the private driveway leading to the homes of W. C. Burris and a Mrs. Armstrong, in order to reach one of the defendant's transformers which was located on a pole near by.

At the close of all the evidence, the defendant renewed its motion for judgment as of nonsuit, and the motion was allowed on the ground that the plaintiff was guilty of contributory negligence as a matter of law. Judgment was entered accordingly and the plaintiff excepted and appealed, assigning error.

*Morton & Williams for plaintiff.*
*R. L. Smith & Son for defendant.*

DENNY, J.   The question posed for our determination, on this appeal, is whether or not upon the evidence adduced in the trial below, the plaintiff was guilty of contributory negligence as a matter of law.

A nonsuit on the ground of contributory negligence should not be granted unless the plaintiff's evidence, taken in the light most favorable to him, so clearly establishes such negligence that no other reasonable inference or conclusion can be drawn therefrom.   *Dawson v. Transportation Co.,* 230 N.C. 36, 51 S.E. 2d 921; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307; *Hobbs v. Drewer,* 226 N.C. 146, 37 S.E. 2d 121; *Atkins v. Transportation Co.,* 224 N.C. 688, 32 S.E. 2d 209; *Hampton v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227; *Manheim v. Taxi Corp.,* 214 N.C. 689, 200 S.E. 382.   Neither should a motion for judgment as of nonsuit be allowed, on the ground of contributory negligence, when there is a conflict in the evidence as to the pertinent facts.   *Bundy v. Powell, supra; Hayes v. Telegraph Co.,* 211 N.C. 192, 189 S.E. 499.

The evidence in this case when considered in the light most favorable to plaintiff, as it must be on motion for judgment as of nonsuit, is sufficient to require its submission to the jury on issues of negligence, contributory negligence and damages.   *Stevens v. Rostan,* 196 N.C. 314, 145 S.E. 555; *Killough v. Williams,* 224 N.C. 254, 29 S.E. 2d 697; *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488.

The appellee is relying on *Cole v. Lumber Co.,* 230 N.C. 616, 55 S.E. 2d 86, and similar cases.   This case, however, is not controlled by the rule laid down in that case with respect to passing a vehicle at an intersection in violation of G.S. 20-150 (c).   The private driveway which the driver of the defendant's truck was attempting to enter was not an intersecting highway within the meaning of the above statute.   A highway is defined in G.S. 20-6, as follows: " 'Highway' shall include any trunk line highway, state aid road or other public highway, road, street, avenue, alley, driveway, parkway, or place, under the control of the state or any political subdivision thereof, dedicated, appropriated or opened to public travel or other use."   *S. v. Gross,* 119 N.C. 868, 26 S.E. 91.

The appellee further relies upon G.S. 20-149 (a), which requires the driver of a vehicle in overtaking another vehicle proceeding in the same direction, if he desires to pass such vehicle, to pass at least two feet to the left thereof, etc.   It is true the plaintiff's driver attempted to pass the defendant's truck on its right, but it is for the jury to say whether or not, under all the facts and circumstances disclosed by the evidence, he was or was not guilty of contributory negligence in doing so.   This identical question was presented in the case of *Stevens v. Rostan, supra,* where a nonsuit had been granted in the court below.   This Court held the case should have been submitted to the jury.   When the conduct of the driver of an overtaken vehicle, as well as the conduct of another employee of the

defendant riding on such vehicle, is such as might be construed or inferred as an invitation or instruction to the driver of the overtaking vehicle to go ahead and pass to the right, an attempt to pass on the right of such vehicle, under such circumstances, will not be held to be contributory negligence as a matter of law. *Stevens v. Rostan, supra.*

The judgment of the court below is

Reversed.