JOHN HORTON v. CARLOS PETERSON.

(Filed 21 October, 1953.)

**1. Automobiles §§ 8i, 18h (2) (3)—Evidence held for jury in this action for collision at intersection of highway and driveway.**

Evidence tending to show that plaintiff, preparing to enter the highway, stopped his truck in a driveway on the west side of the highway, with the front of the truck extending about three feet into the western edge of the highway, and that defendant's truck, which was traveling north, struck plaintiff's truck, although nine feet of the hard surface was clear to defendant's right of plaintiff's truck, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence, G.S. 20-146, G.S. 20-164, and not to require dismissal as a matter of law for plaintiff's contributory negligence.

**2. Negligence § 19c—**

Nonsuit on the ground of contributory negligence should not be granted unless plaintiff's evidence, taken in the light most favorable to him, so clearly establishes such negligence that no other reasonable inference or conclusion can be drawn therefrom.

APPEAL by plaintiff from *Moore, J.,* July-August Term, 1953, of MITCHELL.

Civil action to recover damages resulting from the alleged negligence of the defendant.

Plaintiff's evidence shows that a collision occurred on 21 April, 1953, about 7:00 a.m., between a Chevrolet truck driven by the defendant and a Ford truck driven by the plaintiff, on the twelve-foot black top highway leading from Relief in Yancey County, North Carolina, to Green Mountain; that the highway, which runs north and south, was straight at the place of the collision; that no other traffic was on the road; that there was no obstruction to prevent the defendant from seeing the plaintiff's truck for a distance of about 125 to 150 feet as he approached from the south.

The plaintiff's evidence further tends to show that his truck was parked on the western side of the highway headed south; that he backed into the private entrance to the sawmill of H. H. Lewis, located on the west side of the highway, and when he started to enter the highway for the purpose of proceeding northward thereon, Mr. Lewis, who was standing near-by watching him, called to him to stop; that he stopped with the front of his truck extending about three feet into the western edge of the highway; that in response to Mr. Lewis' call, the plaintiff looked back to see what he wanted and immediately the defendant's truck ran into plaintiff's truck. The plaintiff did not see the defendant's truck before the collision. The defendant's truck was going north and, according to the evidence, nine feet of the hard surfaced portion of the highway was clear together with a two-foot shoulder to the east of plaintiff's truck, leaving open on the defendant's right-hand side of the highway a total of eleven feet for him to pass the plaintiff's truck; that the defendant's truck struck and damaged the right front fender, bumper, grill and frame of the plaintiff's truck. The only damage to the defendant's truck was to the left rear wheel and the driveshaft.

At the close of plaintiff's evidence, the defendant demurred thereto and moved for judgment as of nonsuit. The court granted the motion and entered judgment accordingly. The plaintiff appeals, assigning error.

*W. C. Berry and W. E. Anglin for appellant.*
*Fouts & Watson for appellee.*

DENNY, J.   The plaintiff's evidence when considered in the light most favorable to him, as it must be on motion for judgment as of nonsuit, is sufficient in our opinion to require its submission to the jury on the issues of negligence, contributory negligence, and damages. *Levy v. Aluminum Co.,* 232 N.C. 158, 59 S.E. 2d 632; *Dawson v. Transportation Co.,* 230 N.C. 36, 51 S.E. 2d 921; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307;

*Hobbs v. Drewer,* 226 N.C. 146, 37 S.E. 2d 121; *Killough v. Williams,* 224 N.C. 254, 29 S.E. 2d 697; *Stevens v. Rostan,* 196 N.C. 314, 145 S.E. 555.

A nonsuit on the ground of contributory negligence should not be granted unless the plaintiff's evidence, taken in the light most favorable to him, so clearly establishes such negligence that no other reasonable inference or conclusion can be drawn therefrom. *Mikeal v. Pendleton,* 237 N.C. 690, 75 S.E. 2d 756; *Levy v. Aluminum Co., supra; Dawson v. Transportation Co., supra; Bundy v. Powell, supra; Atkins v. Transportation Co.,* 224 N.C. 688, 32 S.E. 2d 209.

According to the plaintiff's evidence adduced in the trial below, the defendant was operating his truck on the left-hand side of the highway at the time of the collision in violation of G.S. 20-146 and G.S. 20-164.

The judgment of the court below is
Reversed.