G. E. SIMMONS v. WILLIE BUCK ROGERS AND SHIRLEY JEAN ROGERS, A MINOR, AND WILLIE BUCK ROGERS, AS GUARDIAN AD LITEM FOR SHIRLEY JEAN ROGERS.

(Filed 11 December, 1957)

1. Infants § 12—

Where the guardian *ad litem* dies after filing answer, but the infant becomes of age prior to the trial, the appointment of a new guardian *ad litem* is not necessary.

2. **Appeal and Error § 5—**

Where it is made to appear that a party defendant has died, motion to substitute the personal representative of the deceased defendant will be allowed in the Supreme Court. Rule of Practice in the Supreme Court No. 37.

3. **Trial § 22b—**

Defendant's evidence which is favorable to plaintiff and not in conflict therewith, or which clarifies or explains plaintiff's evidence, may be considered on motion to nonsuit.

4. **Trial § 22a—**

Upon motion to nonsuit, plaintiff's evidence must be taken as true and considered in the light most favorable to him.

5. **Automobiles § 8—**

The giving of the statutory signal for turning from a direct line does not constitute full compliance with G.S. 20-154(a), but the operator of a vehicle is required in addition first to ascertain that such movement can be made in safety and to exercise due care in other respects.

6. **Same—**

The violation of G.S. 20-153(a), requiring a motorist turning left on a multiple lane highway to travel on the lane nearest the center of the highway before making the turn, is negligence *per se* and is actionable if the proximate cause of injury.

7. **Automobiles § 41h—Evidence of negligence in swerving from the right-hand lane to the passing lane of highway held sufficient for jury.**

Plaintiff's evidence and defendant's evidence consonant therewith tended to show that plaintiff, driving in the second or passing lane of a four-lane highway, sounded his horn as he was overtaking defendant's vehicle traveling in the right-hand lane, that defendant driver, without giving the statutory signal, suddenly swerved into plaintiff's line of travel in order to make a U-turn on the highway at a place where there was no intersection of highways, and that the driver of defendant's car, though he had seen plaintiff's car in his rear-view mirror some distance back, made the turn without again looking for traffic. *Held:* The evidence is sufficient to be submitted to the jury on the issue of negligence. G.S. 20-153(a), G.S. 20-154(a).

8. **Negligence § 19c—**

Nonsuit on the ground of contributory negligence is proper only when plaintiff's evidence, taken in the light most favorable to him, so clearly establishes such negligence that no other reasonable inference or conclusion can be drawn therefrom.

9. **Automobiles § 6—**

The operator of a motor vehicle is not under duty to anticipate negligence on the part of others, but, in the absence of anything which gives or should give notice to the contrary, is entitled to assume and act on the assumption that others will exercise due care for their own safety.

10. Automobiles § 14—

The driver of an automobile traveling in the second or passing lane of a four-lane highway is under no obligation to slow down in passing a slower moving vehicle traveling in the right lane in the absence of any indication or warning that the driver of the vehicle in the right lane is preparing to turn left or enter the second or passing lane of traffic.

11. Automobiles § 42e—

Evidence tending to show that the operator of a vehicle in the second or passing lane of a four-lane highway, overtaking and preparing to pass a slower moving vehicle traveling in the same direction in the right lane, sounded his horn but failed to reduce speed and struck the other vehicle when it, without warning or signal, suddenly turned left from the right lane across the second lane at a place where there was no intersecting highway, *is held* not to show contributory negligence as a matter of law, since plaintiff is not required to anticipate such negligent operation of the other car.

12. Automobiles § 19—

The operator of a motor vehicle confronted with a sudden emergency is not held to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence similarly situated would have made.

13. Automobiles § 42a—

Evidence tending to show that the operator of a vehicle in the second or passing lane of a four-lane highway, overtaking and preparing to pass a slower moving vehicle traveling in the same direction in the right lane, sounded his horn but failed to reduce speed and struck the other vehicle when it, without warning or signal, suddenly turned left from the right lane across the second lane at a place where there was no intersecting highway, *is held* not to show contributory negligence on the part of plaintiff as a matter of law in failing in the sudden emergency to avail himself of the opportunity of passing the other car to its right.

APPEAL by defendants from *Rousseau, J.,* April Civil Term 1957 of GUILFORD (Greensboro Division).

This action was instituted by the plaintiff on 5 April 1956 to recover for personal injuries and property damages sustained in a collision between his automobile and an automobile owned by the minor defendant Shirley Jean Rogers and driven by the defendant Willie Buck Rogers on 17 March 1956 with the consent of the owner. The collision occurred on U. S. Highway 29-70 north of where Highway 311 runs under U. S. Highway 29-70. The plaintiff alleges in his complaint that his injuries and damages were the result of the negligence of the defendant Willie Buck Rogers.

The plaintiff's evidence tends to show that about 4:00 p.m. on the above date he was driving his 1956 Buick automobile, to which was attached an empty two-wheel trailer, along U. S.

Highway 29-70 outside of High Point. U. S. Highway 29-70 is a four-lane highway with two north-bound lanes and two south-bound lanes. The north-bound lanes are about 30 feet wide. There is a dotted or broken white line down the middle of the north-bound lane. An island in the center of the highway separates north- and south-bound traffic. The island terminates about one-quarter mile north of the intersection of U. S. Highway 311 with U. S. Highway 29-70. Plaintiff was in the left north-bound lane when he first saw the automobile driven by the defendant Willie Buck Rogers, traveling in the same direction about 500 feet ahead of the plaintiff in the right-hand lane. Plaintiff was traveling about 50 to 55 miles per hour at the time he saw the Rogers car which was being driven about 20 to 25 miles per hour. The highway at that point was suitable for passing and the speed limit was 55 miles per hour.

When the plaintiff got within about 200 feet of the Rogers car, he sounded his horn preparatory to passing the Rogers car. When the plaintiff was within 150 feet of the Rogers car the driver of the Rogers car, having just passed the end of the traffic island, suddenly swerved from the right-hand lane into and across the left-hand lane in front of plaintiff's oncoming automobile and stopped.

The Highway Patrolman who arrived at the scene of the wreck about 4:10 p.m., testified that the plaintiff pointed out to him the skid marks made by his car; that he measured the skid marks on the highway and they were 142 feet in length; that based on his experience and on the condition of the road at the time he examined it, an automobile traveling about 50 miles per hour would travel about 56 feet by the time the driver could get his foot on the brake and then for around 150 feet before he could bring it to a stop. The Patrolman further testified that he requested Mr. Rogers to show him the point just about where he started giving the hand signal and that he pointed out a place about 40 feet from the point where the collision occurred. The plaintiff testified that no signal for a left turn was given until after the Rogers car was in the act of turning.

The defendant Willie Buck Rogers was attempting to get over and across the left-hand north-bound lane of traffic into the south-bound lane so he could head back towards Thomasville. He denied that he had pointed out to the Patrolman any place where he started giving the hand signal for a left turn. The defendant Willie Buck Rogers testified that after he entered the superhighway from the cloverleaf leading from Highway 311, he looked in his rear view mirror and saw the plaintiff's car coming over a little hill (the evidence discloses that the little hill re-

ferred to was about 500 feet south of where the Rogers car entered U. S. Highway 29-70).

The witness further testified that he gave a hand signal for about 200 feet until he got near the end of the island, "Then I pulled my hand in and gave the glass a wheel or two and hit my brakes and then I heard the tires squalling. I was going to turn there at the end of the island and go back towards Thomasville. I had made just about a quarter of a turn at the time the two cars came together."

On cross-examination the defendant Willie Buck Rogers admitted that he first saw the plaintiff's car through his rear view mirror after entering Highway 29-70; that he never again looked in the rear view mirror or saw the plaintiff's car again until the moment of the crash. He also testified that just before he got to the end of the island where he was going to cross, "I rolled my glass up just before I got to the end of the island, while I was still headed straight down the highway."

The jury answered the issues of negligence and contributory negligence in favor of the plaintiff and awarded damages accordingly. The defendants appeal, assigning error.

*Haworth & Haworth, and Jordan, Wright & Henson, for defendant appellants.*

*Smith, Moore, Smith, Schell & Hunter, and Richmond G. Bernhardt, Jr., for plaintiff appellee.*

DENNY, J. It appears from a motion filed in this Court that the defendant Willie Buck Rogers died intestate on 12 June 1957. That on 15 August 1957, while this cause was pending in the Supreme Court, Lucille Rogers was duly appointed administratrix of the estate of Willie Buck Rogers. It further appears from the motion that when this action was instituted on 5 April 1956 the defendant Shirley Jean Rogers was a minor, which required the appointment of a guardian *ad litem.* But when this matter came on for trial at the April Civil Term 1957 of the Superior Court of Guilford County (Greensboro Division), Shirley Jean Rogers was then 21 years of age. Therefore, we hold that it is not necessary for a new guardian *ad litem* to be appointed for Shirley Jean Rogers. She will now be treated as a party defendant, defending this action in her own right. The motion to make Lucille Rogers, administratrix of the estate of Willie Buck Rogers, a party is granted and she is hereby made a party defendant as authorized by Rule 37, Rules of Practice in the Supreme Court, 221 N.C. 566.

The sole assignment of error is to the refusal of the court below to sustain the defendants' motion for judgment as of non-

suit interposed at the close of plaintiff's evidence and renewed at the close of all the evidence.

The defendants contend that the evidence adduced in the trial below was insufficient to show any actionable negligence on the part of the defendant Willie Buck Rogers and that it was error to submit the case to the jury. They further contend, however, that if the defendant Willie Buck Rogers was guilty of negligence, the facts clearly show that the plaintiff was guilty of contributory negligence as a matter of law.

We do not concur in these contentions. There was ample evidence to carry the case to the jury. In fact, the evidence of the defendant Willie Buck Rogers is sufficient to establish these facts. After he entered U. S. Highway 29-70, he observed the plaintiff's car approaching from the south, some 500 feet from where he entered the highway; that from that time until the moment of the crash he never looked for or saw the plaintiff's car. Likewise, while traveling in the right north-bound lane of the highway and just before he got to the end of the island where he was going to cross the left north-bound lane and turn back into a south-bound lane, according to his evidence he discontinued his signal for a left turn and rolled up the glass in the left front door while he was still driving straight down the highway in the right-hand north-bound lane. This evidence not only explains the evidence of the plaintiff but it supports the plaintiff's evidence to the effect that the driver of the Rogers car suddenly swerved from the right-hand lane into and across the left north-bound lane in front of plaintiff's oncoming automobile.

On a motion for judgment as of nonsuit, we will not only consider evidence offered by the plaintiff but that offered by the defendant which is favorable to the plaintiff or not in conflict therewith, or when it may be used to clarify or explain the plaintiff's evidence. *Godwin v. Cotton Co.*, 238 N.C. 627, 78 S.E. 2d 772; *Rice v. Lumberton*, 235 N.C. 227, 69 S.E. 2d 543; *Ervin v. Mills Co.*, 233 N.C. 415, 64 S.E. 2d 431; *Hobbs v. Drewer*, 226 N.C. 146, 37 S.E. 2d 121; *Atkins v. Transportation Co.*, 224 N.C. 688, 32 S.E. 2d 209; *Harrison v. R. R.*, 194 N.C. 656, 140 S.E. 598.

G.S. 20-153 (a) provides that, "* * * the driver of a vehicle intending to turn to the right at an intersection shall approach such intersection in the lane for traffic nearest to the right-hand side of the highway, and in turning shall keep as closely as practicable to the right-hand curb or edge of the highway, and when intending to turn to the left shall approach such intersection in the lane for the traffic to the right of and nearest to the center of the highway, and in turning shall pass beyond the center of

the intersection, passing as closely as practicable to the right thereof before turning such vehicle to the left. When a vehicle is being operated on a three-lane street or highway, the driver thereof intending to turn to the left at an intersection shall approach the intersection in the lane nearest to the center of the highway and designated for use by vehicles traveling in the same direction as the vehicle about to turn."

Furthermore, it is required by G.S. 20-154 (a) that, "The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, * * * and whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this section, plainly visible to the driver of such other vehicle, of the intention to make such movement. * * * All hand and arm signals shall be given from the left side of the vehicle and all signals shall be maintained or given continuously for the last one hundred feet traveled prior to stopping or making a turn." The evidence of the defendant Willie Buck Rogers clearly shows that he made no effort whatever to ascertain whether or not a left turn of his motor vehicle could be made in safety.

The plaintiff testified that the driver of the Rogers car gave no signal before turning left across the highway. Upon a motion for nonsuit, plaintiff's evidence is to be taken as true and must be considered in the light most favorable to him. *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307; *Register v. Gibbs,* 233 N.C. 456, 64 S.E. 2d 280; *Sessoms v. McDonald,* 237 N.C. 720, 75 S.E. 2d 904; *Whitley v. Jones,* 238 N.C. 332, 78 S.E. 2d 147.

As pointed out in *Ervin v. Mills Co., supra,* by Devin, J., later C. J., "We do not regard the requirement in G.S. 20-154, that a prescribed hand signal be given of intention to make a left turn in traffic, as constituting in all cases full compliance with the mandate also expressed in this statute that before turning from a direct line the driver shall first see that such movement can be made in safety, nor do we think the performance of this mechanical act alone relieves the driver of the common law duty to exercise due care in other respects."

A violation of G.S. 20-153 (a) constitutes negligence *per se* and such negligence is actionable if it proximately causes injury to another. *Ervin v. Mills Co., supra; Grimm v. Watson,* 233 N.C. 65, 62 S.E. 2d 538; *Tarrant v. Bottling Co.,* 221 N.C. 390, 20 S.E. 2d 565.

If we consider all the evidence in this case, including that of the defendants, which is not in conflict with the plaintiff's evidence, it is sufficient to support the view that the driver of the Rogers car not only failed to give a signal for a left turn, as

required by G.S. 20-154, but that he failed to approach the area, at the end of the island where he intended to turn left, in the proper lane, as required by G.S. 20-153 (a).

Now, as to the contention of the defendants that the evidence of the plaintiff clearly shows that he was guilty of contributory negligence as a matter of law.

A nonsuit on the ground of contributory negligence should not be granted unless the plaintiff's evidence, taken in the light most favorable to him, so clearly establishes such negligence that no other reasonable inference or conclusion can be drawn therefrom. *Bradham v. Trucking Co.,* 243 N.C. 708, 91 S.E. 2d 891; *Singletary v. Nixon,* 239 N.C. 634, 80 S.E. 2d 676; *Mikeal v. Pendleton,* 237 N.C. 690, 75 S.E. 2d 756; *Morrisette v. Boone Co.,* 235 N.C. 162, 69 S.E. 2d 239; *Levy v. Aluminum Co.,* 232 N.C. 158, 59 S.E. 2d 632; *Dawson v. Transportation Co.,* 230 N.C. 36, 51 S.E. 2d 921; *Bundy v. Powell, supra; Atkins v. Transportation Co., supra; Hampton v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227.

The defendants are relying on the case of *Sheldon v. Childers.* 240 N.C. 449, 82 S.E. 2d 396, where the facts in some respects are similar to those in the instant case, but there is a substantial difference between the entire factual situation in that case and the one now before us. In the Sheldon case the plaintiff attempted to pass on a highway having only one lane for traffic in each direction. Plaintiff sounded a warning 400 feet to the rear of defendant's tractor-trailer, which we held not to be in apt time for defendant's driver to have heard it. In the instant case, the plaintiff blew his horn when he was about 200 feet behind the Rogers car and was traveling in the proper lane for passing. Neither is there any evidence on this record to show that the plaintiff was driving at an excessive rate of speed under the conditions and circumstances prevailing immediately preceding the collision. Moreover, in the Sheldon case, the defendant's truck was approaching an intersecting paved highway to the left, which the driver of the defendant's truck attempted to enter at the time the plaintiff attempted to pass the truck. The intersecting highway was visible from the direction in which the plaintiff and the defendant's driver were traveling for a distance of 400 or 500 feet from the intersection. In the instant case, there was no intersecting highway. The plaintiff, under the factual situation revealed by the evidence in this case, was under no legal obligation to anticipate that the driver of the Rogers car might undertake to make a left turn across the left lane of traffic from the right lane of traffic in violation of G.S. 20-153 (a).

While the operator of a motor vehicle is under duty to exercise that care which an ordinarily prudent person would exercise

under the same or similar circumstances for his own safety and the safety of others, he is under no duty to anticipate negligence on the part of others, in the absence of anything which gives or should give notice to the contrary. He is entitled to assume, and act on the assumption, that others will exercise ordinary care for their safety. *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355; *Hill v. Lopez,* 228 N.C. 433, 45 S.E. 2d 539; *Caulder v. Gresham,* 224 N.C. 402, 30 S.E. 2d 312; *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239.

In *Cox v. Lee, supra,* Barnhill, J., later C. J., said: "The driver of an automobile is not required to anticipate negligence on the part of others, and his failure to do so does not constitute an act of negligence."

In the absence of some indication or warning that a motor vehicle traveling in the right lane of a two-lane highway for traffic in the same direction, is preparing to enter the left lane of traffic, the driver of a motor vehicle in the left lane, where the speed limit is 55 miles per hour, is under no obligation to slow down in passing a slow moving vehicle traveling in the right lane.

Even though there was no intersection into or across U. S. Highway 29-70 at the point where the driver of the Rogers car attempted to make a U-turn, in any event, before doing so, he was required by statute to do five things: (1) Before leaving the right lane of traffic, to give the signal required by G.S. 20-154; (2) to see that such movement could be made in safety; (3) to get into the left lane of traffic before he reached the place on the highway where he intended to turn left into a south-bound lane of traffic, as required by G.S. 20-153 (a); (4) to give the signal for the second left turn as required by G.S. 20-154, and (5) to see that such movement from the left lane could be made in safety.

The defendants further contend that the plaintiff was contributorily negligent because he did not drive his car to the right of the Rogers car where there was ample space to pass either on the paved portion of the highway or on the ten-foot shoulder.

We think the evidence on this record supports the view that the plaintiff was confronted with a sudden emergency. The rule of conduct in an emergency was succinctly stated by Stacy, C. J., in *Ingle v. Cassady,* 208 N.C. 497, 181 S.E. 562, in which he said: "One who is required to act in an emergency is not held by law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence similarly situated would have done." *Winfield v. Smith,* 230 N.C. 392, 53 S.E. 2d 251; *Powell v. Lloyd,* 234 N.C. 481, 67 S.E. 2d 664; *Morgan v. Saunders,* 236

N.C. 162, 72 S.E. 2d 411; *Henderson v. Henderson,* 239 N.C. 487, 80 S.E. 2d 383.

In our opinion, the questions of negligence and contributory negligence were properly submitted to the jury. In *Infantino v. Maher,* 366 Pa. 633, 79 A 2d 247; *Baggett v. Markel, Inc.* (1953, La. Appeal), 65 So. 2d 367; *Ball v. Home Oil Co.* (1941, La. Appeal), 4 So. 2d 579; Anno: Motorist—Signal for Left Turn, 39 A.L.R. 2d, page 54.

The action of the court below in overruling the defendants' motion for judgment as of nonsuit will be upheld.

Affirmed.