JELKS *v.* ROGERS.

4-6856                                             165 S. W. 2d 258

Opinion delivered November 2, 1942.

878

*Walter L. Brown,* for appellant.

*Thos. Compere* and *Ohmer C. Burnside,* for appellee.

GREENHAW, J. Appellant prosecutes this appeal from a judgment awarding appellee $3,000 for personal injuries received by her as a result of a collision between a car operated by her husband, W. W. Rogers, and a truck owned by appellant and operated by his employee, Whit Hunt.

September 12, 1940, shortly after 6:00 o'clock in the morning, the car in which appellee was riding was proceeding eastward. Rogers testified that he had been driving at approximately 30 miles per hour, and as he approached the street in the town of Lockesburg where the highway he was traveling crossed a highway running north and south he reduced his speed, and not seeing a car on the highway which runs north and south he entered the intersection. As he did so he saw a truck which was being driven north on the other highway at a high rate of speed, as he says; and, thinking he would be unable to avoid a collision, swerved his car to the north (his left) and came to a stop or appreciably slackened his speed at a time when he was six or seven feet west of the center line of the north and south highway.

A sign reading ''Road Closed—Detour'' with directions thereon had been placed on the north and south highway north of the intersection, and it interfered with use of a portion of the east half of that highway. Rogers testified that the truck was forced to cross over to the west or left side of the road in order to avoid striking this sign, and that his car, which was west of the center line, was struck on the right side by the left rear wheels and trailer of the truck.

The impact caused Rogers' right door to open, and appellee fell to the pavement.

Several people saw the collision. Appellee's witnesses testified in substance that Rogers was driving at moderate speed, estimated to be between 20 and 30 miles per hour, and that he slowed down before entering the intersection; that appellant's truck was being driven at an estimated speed of 50 to 55 miles per hour; that Rogers swerved to his left to avoid the collision and was struck by the truck. Rogers and other witnesses testified that the truck proceeded about 150 feet after the collision before stopping.

Whit Hunt, the driver of the truck, testified that his speed was about 15 miles per hour; that after entering the intersection and before reaching the point where the collision occurred he saw the Rogers car approaching from the west about 30 yards away; that because of the length of appellant's truck and trailer, it was impossible for Hunt to stop his truck and avoid the collision; therefore, he proceeded across the intersection, and as he turned left to clear the highway sign the trailer was struck by the Rogers car. This occurred while his trailer and rear wheels were still on the right side of the highway. Hunt estimated Rogers' speed at 50 miles per hour.

Hunt's version of the accident was corroborated by appellant, who was in the truck, and by another witness.

Appellee was rendered unconscious by her fall, and received medical treatment at Lockesburg. She was later a patient of Dr. H. E. Cockerham of Portland and Dr. J. H. Burge of Lake Village. She was placed in the Lake Village Infirmary, where she remained for two weeks. Testimony of doctors Cockerham and Burge was that in addition to various contusions and lacerations she had suffered a brain concussion, and also chest injuries including a fractured rib and an injury to one lung. At the time of trial appellee still complained of frequent and severe headaches, blurred vision and chest pains. Medical opinion was that this condition resulted from injuries received in the collision, and if the headaches continued they would probably be attributable to the head injury.

Dr. L. G. Fincher, called by appellant, testified that he examined appellee while she was in the hospital, and

that he found no evidence of a brain or skull injury. He verified the fact that she had a fractured rib. He attributed appellee's condition to previous optical defects, she having undergone an operation for cataracts, and stated that she was also suffering from nephritis and had high blood pressure.

In his motion for a new trial, appellant assigned a number of errors, not all of which are urged as grounds for reversal.

We are unable to agree with the contention that the testimony of Berry Provence as to the speed of the truck when it passed him, about three blocks south of the intersection, was inadmissible. It was competent as a circumstance tending to show the speed of the truck at the time of the collision.

Appellant contends that the court erred in giving certain instructions and refusing others. He does not abstract any of the given instructions, although in the motion for a new trial 22 are referred to. Hence we do not know whether the refused instructions were covered by given instructions which were correct.

In the case of *Hamburg Bank* v. *Jones,* 202 Ark. 622, 151 S. W. 2d 990, this statement of the law was given: "It is said the court erred in giving and refusing to give a number of instructions. These assignments cannot be considered because appellant has failed to abstract or set out all the instructions given and refused. This court will not explore the record to determine whether error has been committed in this regard."

Appellant further contends that the evidence showed that he was not guilty of negligence, and that the collision was caused by appellee's husband. There was a conflict in the testimony, and it was for the jury to determine which explanation it would accept. Since the verdict was supported by substantial evidence it will not be reversed.

In the case of *Harmon* v. *Ward,* 202 Ark. 54, 149 S. W. 2d 575, we said: "It is the province of the jury to determine the credibility of the witnesses and the weight of the testimony, and this court will not set aside a

verdict supported by substantial evidence. . . . In determining the sufficiency of the evidence this court will consider the appellee's evidence alone, and if there is any substantial evidence to support the verdict it will not be disturbed by this court."

Finally appellant contends that the verdict is excessive. He did not raise this question when a new trial was asked, and it is urged here for the first time. *Miller Rubber Co.* v. *Blewster-Stephens Service Station*, 171 Ark. 1179, 287 S. W. 577, 59 A. L. R. 1237, involved a similar question. A quotation from that opinion is: "Another contention of appellant for a reversal of the judgment is that the verdict is excessive. As we understand the record, no such contention was made in the trial court nor raised in the motion for a new trial, hence is not available here. *Citizen's Fire Insurance Co.* v. *Lord*, 100 Ark. 212, 139 S. W. 1114." See, also, *Gaither Coal Co.* v. *LeClerch*, 182 Ark. 466, 31 S. W. 2d 750, in which this court said: "This objection cannot be considered by this court for further reason that it was not made one of the grounds of appellant's motion for a new trial. A question not raised in appellant's motion for new trial will not be considered on appeal."

Affirmed.