**Ralph Griffin, by His Next Friend, Douglas Griffin, Plaintiff-Appellant, v. Illinois Bell Telephone Company, Defendant-Appellee.**

**Gen. No. 10,367.**

Third District.

February 19, 1962.

Burt Greaves, and Hagin Harper, of Champaign, for appellant.

Sidney, Austin, Burgess & Smith, of Chicago, Thomas, Mulliken & Mamer, of Champaign (Wallace M. Mulliken, of Champaign, James E. S. Baker and Frederic F. Brace, Jr., of Chicago, of counsel), for appellee.

ROETH, PRESIDING JUSTICE.

On April 5, 1957, plaintiff, a 16 year old boy, along with two other boys, were passengers in an automobile being driven by one Eugene Dalton. The boys

were shopping for a used car for one of their group, not plaintiff, and drove to Rantoul from Champaign. On their return trip their car struck the rear end of defendant's truck, killing Dalton and injuring plaintiff, for which injuries he brings this suit. The lower court directed a verdict for the defendant at the close of plaintiff's case and judgment was entered thereon. Post trial motions filed by plaintiff were overruled by the lower court and plaintiff appeals.

██ ██ The facts are for the most part undisputed and we consider those facts in a light most favorable to the plaintiff. When so considered, this appeal presents the narrow question of whether there is any evidence of negligence on the part of defendant. If at the close of plaintiff's case there was any evidence of negligence, a verdict should not have been directed by the trial court. It should be noted that the question of contributory negligence of the plaintiff is not involved in this appeal.

The defendant's truck was being operated by its employee, one Harry Northern, who along with another employee were driving south along the Leverett Road between Rantoul and Champaign inspecting telephone lines of the defendant company to see if they had been damaged by a recent storm. The Leverett Road is a paved highway 18 feet in width. At a point approximately 200 or 300 feet north of the place of the accident Northern stopped his truck to check a wire. He then continued on traveling between 7 and 10 miles per hour, both men apparently checking the lines as they drove. It was Northern's intention to travel at that speed for as he testified he would not be able to check the wires traveling any faster. In short, he was in the flow of traffic going at the speed intended and not intending to stop or increase his speed at the time of the accident. The left direction indicator light on the back of the truck was on, although

89

Northern did not intend to turn left, nor, as previously stated, did he intend to stop. After Northern had proceeded south a short distance, an automobile driven by one Lora Avner pulled behind him. It appears that she was traveling at about 50 to 55 miles per hour, saw the truck, noted the left indicator light was on and pulled up behind it. At this time the automobile in which plaintiff was riding in the rear seat behind the driver, approached the Avner automobile and defendant's truck. The truck was not visible to plaintiff, being concealed by the Avner automobile. The Avner car slowly pulled out from behind the truck, first ascertaining if the road was clear, and as it pulled out the rear of the truck was exposed to plaintiff for the first time. The Dalton car, traveling between 60 and 65 miles per hour, also pulled into the left lane for the purpose of passing the vehicle ahead. Avner testified that as she was abreast of the defendant's truck she noted the Dalton car coming up behind her in the left or passing lane and that she then turned back in the right lane in front of the truck as soon as possible. Plaintiff testified that he did not see the blinking light but that he saw a car approaching going north in the same lane the Dalton automobile was then traveling. The Dalton automobile suddenly swung back toward the right lane, and the shoulder and ditch on the right side of the pavement and in so doing struck the right rear dual wheels of the truck and went crashing across the shoulder injuring plaintiff and killing Dalton.

In his complaint plaintiff charges the defendant with negligence alleging that defendant violated the provisions of Section 51 and Section 113 of the Uniform Act regulating traffic on the highway (Chap 95½, Sec 148 and Sec 210(b), Smith Hurd Ill Rev St). These sections read as follows:

90

"148. Sec 51. Minimum speed regulation:

(a) No person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law.

"210. Sec 113. Special restrictions on lamps.

(b) Flashing lights are prohibited on motor vehicles, except as a means for indicating a right or left turn or stop. . . ."

The legislature changed each section since the accident herein, giving, in substance, to the Department of Highways the right to set certain minimum speeds at certain places and added to Sec 113 a provision whereby a flashing light could be used as a warning of some unusual hazard to passing, approaching or overtaking vehicles. Neither change affects the decision in this case.

The lower court in finding for defendant held there was no evidence of negligence on the part of the defendant and that there was no showing of negligence that proximately caused the accident.

Plaintiff contends the question of proximate cause is one for the jury and that the violation of the aforementioned sections of the statute are prima facie evidence of negligence and it was therefore error not to submit the case to the jury.

■ Considering first, the contention of plaintiff that the evidence of the flashing of the left directional signal was a violation of the statute under the circumstances here present and as such was prima facie negligence, we find the record barren of any evidence that the driver of the automobile in which plaintiff was riding saw this signal. The fact that he drove to the left lane to pass raises a reasonable

91

inference that he did not see this signal. In addition plaintiff testified positively that he did not see it. Under these circumstances, even conceding that violation of the statute was prima facie negligence, the violation of this statute becomes immaterial since there is no connection shown between the violation and the occurrence. On the contrary the reasonable inference is that it was the presence of the oncoming automobile that prompted the driver to abruptly turn toward the right shoulder and ditch.

██ Cases involving the "slow speed" statute are sparse and no Illinois case interpreting this statute has been called to the court's attention. Defendant cites Sumner v. Griswold, 338 Ill App 190, 86 NE2d 844, and Hogrefe v. Johnson, 271 Ill App 469. The former case did not consider the statute and the latter arose prior to the enactment of the same. These cases are of no help.

Similar acts have been interpreted in our sister states and it appears to be the unanimous opinion in these states that whether the statute was violated and whether the violation was the proximate cause of the accident are each questions for the jury. 66 ALR2d 1194. Defendant cites Satter v. Turner, 251 Minn 1, 86 NW2d 85. In that case the court found that one of the defendants had just entered the highway from an intersection and had not been on the highway long enough to become a part of the normal flow of traffic. They interpret the act, not unlike ours, to mean that it comes into play only after a motorist has been on the highway a sufficient length of time to attain, under reasonable operation of his vehicle, such speed as not to impede traffic.

In Price v. State Highway Commission, 62 Wyo 385, 167 P2d 309, the court held the statute inapplicable where the defendant was operating a truck with a

snowplow attached thereto, clearing snow from the road.

In the recent case of Angell v. Hester, 186 Kansas 43, 348 P2d 1050, the court in discussing the Kansas "slow speed" statute made the following pertinent observation:

"A vehicle being operated at a sub-normal speed may very well create a hazard upon the highway designed and customarily used to carry fast-moving traffic, even though no vehicle may be approaching upon the road from the opposite direction so as to prevent a passing of the slow-moving vehicle overtaken. Distances are deceptive at high speeds and mental calculations of braking distances and stopping times are apt to prove faulty at such higher velocities. This is not to say that one who miscalculates in such matters may not be guilty of negligence in so doing. It is but the recognition of human frailties in such regards that might well have impelled the Legislature to enjoin any slow-moving traffic which would result in hazard to life, limb or property, regardless of whether the traffic it impedes be approaching from the front or rear, or from both directions."

Considering the evidence in the light most favorable to plaintiff, it appears that there was moving traffic on the Leverett Road, i. e., defendant's truck, the Avner automobile, the automobile in which plaintiff was riding and the approaching automobile. Under these circumstances the statute becomes material in determining the negligence if any of defendant. Defendant admits that its truck was moving at only 7 to 10 miles per hour. The jury questions thus presented were (a) was this speed such as impeded or blocked the normal and reasonable movement of traf-

fic and (b) if so, was the same negligence which proximately caused or contributed to cause the occurrence in question.

■ ■ The defendant contends that as a public utility it had a duty to maintain telephone service and the right therefore to obstruct the highway. It cites several cases but these are not in point. There can be no question of the right to the reasonable use of the streets and highways as well as the right to obstruct them if necessary by public utilities in the performance of their duties. It is equally clear that this right must be exercised in a careful manner. Defendants were not performing any service on the highway itself. They were merely using the highway as a more convenient means of checking their lines. In so doing they were required to exercise care and caution and whether they breached their duty in the case at bar is a jury question.

We therefore conclude that the trial court erred in directing a verdict for defendant at the close of plaintiff's case. This case therefore must be reversed and remanded for a new trial.

■ In this appeal plaintiff has not contended that there is any evidence to support the various charges of negligence contained in the complaint, other than the two violations of the statutes which we have considered. We have disposed of plaintiff's contentions in these two particulars. Accordingly, upon a re-trial of this case the negligence charged should be limited to that charged in sub-paragraph C of paragraph 8 of the complaint which charges that defendant negligently operated its truck contrary to the provisions of the so-called "slow speed" statute.

Reversed and remanded with directions.

REYNOLDS and CARROLL, JJ., concur.