J. W. McCLELLAN v. JACK BRYON COX.

(Filed 7 November 1962.)

Appeal by defendant from *Gambill, J.,* February Mixed Term 1962 of Union.

This is a civil action that arose out of property damage sustained by the plaintiff in an automobile accident that occurred about 11:50

a.m. on 23 September 1960 on U. S. Highway No. 29 in Davidson County, about three miles south of Lexington, near Yarborough's Restaurant.

U. S. Highway No. 29 is a four-lane highway and runs generally in a northerly-southerly direction. The northbound lanes and the southbound lanes are separated by a grassed median. The collision occurred while both cars were being operated in a northerly direction. The highway was dry and was slightly downhill at that point; the speed limit was 60 miles per hour.

The plaintiff was the owner and operator of a 1955 Plymouth automobile and the defendant was the owner and operator of a 1957 Plymouth automobile. Defendant Cox was in front in the right-hand lane, traveling about 45 miles per hour. Plaintiff was in the left-hand or passing lane and had just passed a large truck, which truck was in the right-hand lane and behind defendant's automobile. When the plaintiff was approximately 80 or 90 feet of a cross-over between the north and southbound lanes, and defendant's automobile was about 40 feet in front of him, the defendant without giving any signal began slowing down and cut across to his left lane directly in front of plaintiff's car, apparently with the intention of going into the cross-over. Plaintiff immediately applied his brakes but could not stop before he ran into the rear of defendant's automobile.

The case was submitted to the jury on plaintiff's alleged cause of action for damages to his car and on the cross-action by defendant for personal injuries and damages to his car.

The jury returned a verdict in favor of plaintiff and judgment was accordingly entered.

The defendant appeals, assigning error.

*Coble Funderburk for plaintiff appellee.*
*Smith & Griffin for defendant appellant.*

PER CURIAM. We have carefully examined the defendant's assignments of error and in our opinion they present no prejudicial error that would justify granting a new trial.

On the evidence presented, the case of *Simmons v. Rogers*, 247 N.C. 340, 100 S.E. 2d 849, supports the result reached in the trial below.

No error.