[Civ. No. 10537. Third Dist. May 6, 1963.]

ROBERT M. SEATON, Plaintiff and Appellant, v. DARRELL SPENCE, Defendant and Respondent.

764

Bowers & Sinclair and F. H. Bowers for Plaintiff and Appellant.

McGregor, Bullen, Saldine & Erich for Defendant and Respondent.

SCHOTTKY, J.—Plaintiff commenced an action against defendant to recover damages for injuries resulting from an automobile accident. Defendant in his answer pleaded contributory negligence on the part of plaintiff. The jury rendered a verdict in favor of defendant and plaintiff has appealed from the judgment entered on the verdict.

Appellant's main contentions involve the sufficiency of the evidence and asserted errors in instructions given and instructions refused. Before discussing these contentions we shall summarize the evidence as shown by the record, bearing in mind the familiar rule that the evidence must be viewed in the light most favorable to respondent and all conflicts in the evidence must be disregarded.

In the morning of June 2, 1960, at about 9:30 o'clock, appellant was driving a flatbed pickup truck containing two compressors toward Sacramento from Auburn along U.S. Highway 40 in the outside, or righthand, lane. The respondent was driving with his family toward Sacramento on U.S. Highway 40 in the outside lane. At a point about 20 miles from Auburn, opposite the truck scales located along the highway in Sacramento County, respondent drove into the rear of appellant's truck. Immediately prior to the accident respondent had been driving about 150 feet behind another car, which he had followed for some time. On approaching the truck scales respondent's son asked respondent, "What do they do there?" Respondent removed his vision from the road to glance at the scales. When he returned his vision to the road ahead, he saw appellant's truck 75 to 100 feet in front of him. Respondent did not see the car he had been following anywhere; it had passed appellant without respondent noticing. Just prior to the scales a large semitrailer truck had been following appellant. Appellant saw by his rearview mirror that the truck was turning into the scales. Just after appellant looked forward again he was struck by respondent.

When respondent first noticed appellant's truck 75 to 100 feet away, respondent was traveling 60 to 62 miles per hour. Respondent immediately applied his brakes and laid down 132 feet of heavy four-wheel skid marks prior to the

point of impact and 32 feet of skid marks after the impact to the point directly ahead where his car stopped. Appellant heard the screech of the brakes, although he did not see respondent prior to the collision.

Appellant's truck continued almost straight ahead after the impact to a point of 20 feet beyond respondent, a point 52 feet beyond the point of impact. On impact appellant knocked his head against the back of the cab of the truck and then was thrown over the steering wheel. There is no evidence that appellant braked his truck.

The highway at the point of the accident contains two lanes going east and two lanes going west. The lanes are separated by a center divider. Each lane is 12 feet in width and there is a 12-foot shoulder along the outside lane.

The testimony concerning the speed of appellant's truck was conflicting. Appellant stated to officers at the scene of the accident that he had been traveling 40 to 45 miles per hour. The officer repeated this statement in his testimony; appellant did not testify at the trial as to his speed. Respondent, on the other hand, testified appellant was traveling only 10 to 20 miles per hour. The only opportunity respondent had to make this determination was the time between sighting appellant 75 to 100 feet away and the impact.

Respondent testified that he did not pull out to pass appellant while stopping because he did not know if the other lane was clear. He was also afraid the car would tip over or the side of the car where his wife was sitting would be hit.

During the trial respondent's counsel stated that respondent admitted he was negligent ''because he did look away.''

Appellant's first contention is that the evidence is insufficient to support the implied finding of the jury that the appellant was guilty of contributory negligence. ██ Appellant attacks repondent's testimony that appellant's truck was traveling 10 to 20 miles per hour. Appellant states that this testimony must be regarded as inadequate as a matter of law because it ''was made during a time of extreme peril to respondent, at a time when possible injury to respondent, respondent's wife and son was paramount in his mind.'' While this argument is quite persuasive, we cannot say that the jury was compelled to reject the testimony of respondent as to the speed of appellant's truck.

Respondent testified he was 75 to 100 feet away from appellant's truck, traveling 60 to 62 miles per hour, when he first noticed appellant's truck. It is true that the only oppor-

tunity respondent had to judge the speed of appellant's truck was the time between sighting appellant and the collision, a time when respondent was obviously under great excitement. However, under such circumstances respondent is a competent witness to testify to the speed of appellant's truck.

The fact that respondent's observation was momentary goes to the weight of the evidence rather than its admissibility. (*Schwenger* v. *Gaither*, 87 Cal.App.2d 913 [198 P.2d 108]; *Jordan* v. *Great Western Motorways*, 213 Cal. 606 [2 P.2d 786].)

Furthermore, there is other evidence which lends some support to respondent's testimony that appellant's truck was traveling only 10 to 20 miles per hour. Appellant was struck without prior warning and was knocked unconscious; yet his truck came to a stop only 52 feet beyond the point of impact. The jury could conclude such a short stop indicated appellant was traveling slowly. Furthermore, respondent's car traveling 60 miles per hour skidded with all four brakes locked for 132 feet before colliding with appellant's truck. The jury could find that this indicated appellant was not going 40 to 45 miles per hour as he claimed.

The implied finding of the jury that appellant's slow driving was contributory negligence is supported by section 22400 of the Vehicle Code which provides in part:

"(a) No person shall drive upon a highway at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or because upon a grade or in compliance with law."

The jury could have concluded that by driving 10 to 20 miles per hour appellant violated that section. Such a violation would raise a presumption of negligence. (*Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581 [177 P.2d 279].)

Appellant's next contention is that even if he were negligent in driving only 10 to 20 miles per hour, his negligence was not a contributing or proximate cause of the accident. But as we view the matter that question was one for the jury to determine. It is well to point out that U. S. Highway 40 at the place of the accident here involved is a freeway and that it is a matter of common knowledge that the flow of traffic is somewhat faster on freeways. The concept of minimum speed laws, comparatively recent in our legislation, was undoubtedly prompted by a recognition that slow moving vehicles on freeways constitute a hazard to the flow of traffic,

██ Appellant's slow driving certainly contributed to the accident. If appellant had been traveling at a normal rate of speed, respondent might have been able to slow down in time to avoid an accident. Appellant's slow speed also prevented respondent from turning to either side of appellant's car.

" ' "Proximate cause," or "legal cause," is the name given to the limitation which the courts have been compelled to place, as a practical necessity, upon the actor's responsibility for the consequences of his conduct. The limitation is nearly always a matter of various considerations of policy which have nothing to do with the fact of causation.' (Prosser on Torts (2d ed.) p. 252, § 47.) . . .'' (*Bacciglieri* v. *Charles C. Meek Milling Co.,* 176 Cal.App.2d 822, 825 [1 Cal.Rptr. 706].) Appellant could be held partly responsible for the accident. The implied finding of the jury that appellant was driving negligently undoubtedly was on the theory that a reasonable man would realize such a rate of speed created an unreasonable risk of a traffic accident. Thereafter, in point of time, respondent was admittedly negligent and the accident resulted. ██ Compared to appellant's negligence the act of respondent was an intervening cause. (38 Cal.L.Rev. 398.) However, appellant's negligence does not cease to be a proximate cause of his injuries simply because of the respondent's intervening act. Not every intervening cause relieves an actor of responsibility. (38 Cal.L.Rev. 399; *Gibson* v. *Garcia,* 96 Cal.App.2d 681 [216 P.2d 119].) The very result to be anticipated from traveling 10 to 20 miles per hour on a freeway is just what happened—a fast car colliding with a slow car. Respondent's driving into appellant was a foreseeable intervening cause and appellant must assume contributory responsibility. (Prosser on Torts (2 ed.) p. 268.)

Appellant makes a number of contentions relating to the instructions to the jury.

██ Appellant first contends that the court erred in failing to instruct on respondent's admission of negligence when giving the instruction on negligence. However, no error was committed by such failure because no such instruction was requested. (*Monastero* v. *Los Angeles Transit Co.,* 131 Cal.App. 2d 156 [280 P.2d 187].) ██ And in any event no prejudice could have resulted to appellant because respondent's counsel in his opening statement admitted negligence, and this admission was no doubt referred to and emphasized in appellant's argument to the jury.

██ Appellant contends also that the court erred in read-

ing instructions defining negligence and contributory negligence. It is argued that the court's reading of a definition of negligence and the giving of an instruction on contributory negligence was confusing and ambiguous. A review of the instructions read shows that the court merely defined negligence and then stated that contributory negligence is negligence on the part of a person who thereafter becomes a claimant for damages, et cetera. It would be error for the court not to define negligence in view of the fact that there was an issue with regard to the negligence of the appellant plaintiff. The instructions on contributory negligence do not contain a definition of negligence; therefore, it would be necessary to give such a definition and erroneous not to give it.

Appellant also claims error in giving the instruction on section 22400 of the Vehicle Code (prohibiting driving so slowly as to block or impede normal traffic) and in giving it following the court's instructions on damages. The instruction was proper as it applied to respondent's theory of the case. The order of the instruction was immaterial. (*Ritchey* v. *Watson*, 240 Cal. 387 [268 P. 345].)

Appellant contends also that the instruction that "the party who asserts the affirmative of an issue must prove that issue by a preponderance of the evidence" was a misleading instruction under the facts of this case. The instruction was proper because it supported the court's following instruction pertaining to which party had the burden to prove what. The court at that point informed the jury that the plaintiff had the burden to only prove the damages alleged, whereas the defense had the burden to prove contributory negligence.

Appellant contends also that it was prejudicial error for the court to refuse to give appellant's instruction, BAJI No. 138-C, which reads: "A person who, himself, is exercising ordinary care has a right to make and rely on a certain assumption concerning the conduct of others, if the circumstances do not inform him or cause him to believe to the contrary, and would not so inform or cause a reasonably prudent person in his position to so believe. That assumption is that another person whose conduct might come into conflict with, or might affect or be related to, his own is possessed of normal faculties of sight and hearing and of ordinary intelligence, and that such other person is using and will use those faculties in the exercise of ordinary care of his own and others' safety."

While the proffered instruction might well have been given,

no prejudicial error resulted because the court did give the following instruction: "In the absence of reasonable cause for thinking otherwise, a person who himself is exercising ordinary care has a right to assume that other persons are ordinarily intelligent and possessed of normal sight and hearing."

 Appellant contends further that it was prejudicial error for the court to refuse to give appellant's offered instruction, BAJI 144-A, revised, to the effect that driving at a greater than reasonable speed is negligence. This contention is without merit. In any event no prejudice could have resulted, first, because respondent's negligence was admitted, and second, because the court also gave the following instruction: "The speed at which a vehicle travels upon a highway, considered as an isolated fact and simply in terms of so many miles an hour, is not proof either of negligence or of the exercise of ordinary care. Whether that rate of speed is a negligent one is a question of fact, the answer to which depends on all the surrounding circumstances."

No other points raised require discussion.

Appellant has made an earnest and able argument in support of his contention that the judgment should be reversed. Though it may seem somewhat singular that a plaintiff whose truck has been struck in the rear by defendant's automobile should be denied recovery, we are compelled to hold upon the record here that the question of whether plaintiff's slow driving upon a much traveled main highway constituted negligence which contributed proximately to the accident was one for the jury. The jury was fully and correctly instructed upon negligence and contributory negligence and the implied finding of the jury was that appellant was guilty of contributory negligence. The judge who saw and heard the witnesses and who was entitled to weigh their testimony, a right which an appellate tribunal does not possess, denied appellant's motion for a new trial. As has been said so often in so many decisions, an appellate tribunal is bound by the familiar rule that before it can be justified in reversing a judgment on the ground of the insufficiency of the evidence it must appear from the record that accepting the full force of the evidence, together with every inference favorable to the prevailing party which may reasonably be drawn therefrom, and excluding all evidence in conflict therewith, it still appears that the law precludes such party from recovering a judgment. Applying this rule to the case at bench, we are

satisfied that the record amply supports the judgment. We are satisfied also that the jury was fully and correctly instructed and that no prejudicial error was committed.

The judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.