HOOTEN *v.* DEJARNATT.

5-3173 376 S. W. 2d 272

Opinion delivered March 9, 1964.

*Pope, Pratt & Shamburger,* By *Don Ryan, Robert Ross,* for appellant.

*Cockrill, Laser, McGehee & Sharp,* for appellee.

FRANK HOLT, Associate Justice. The appellant, Moody C. Hooten, brought suit against the appellee, J. W. DeJarnatt, for personal injuries and property damages sustained by him as a result of the appellee driving his automobile into the rear of a tractor which appellant was driving upon a highway. The appellee responded by appropriate pleadings and sought recovery for personal injuries and property damage sustained by him. The issues were submitted to a jury which denied any recovery to either litigant. From a judgment on this verdict appellant brings this appeal. There is no cross-appeal.

The appellant first contends that the trial court erred by admitting in evidence the deposition of Mrs. Thigpen as to her near collision with the appellant preceding the collision between appellant and appellee. The appellant argues that this near collision is a collateral issue to the actual collision. After making certain deletions, the trial court admitted the deposition in evidence over the objection of appellant that none of the balance of her testimony was relevant. It appears that the near collision between Mrs. Thigpen and the appellant occurred approximately one-fourth mile from and one minute before the collision between the appellant and appellee. Mrs. Thigpen testified that as she topped an incline she suddenly saw appellant, proceeding in the same direction, driving his tractor on the paved portion of the highway, and that she was able to avoid a collision by coming to almost a complete stop before the oncoming traffic permitted passage; that no part of appellant's tractor was on the shoulder of the road; and that since it was dark she had her headlights on as did oncoming traffic. However, appellant testified that at all times he had the right front and right rear wheels of his tractor off the pavement riding the gravel shoulder of the road; and that it was not dark enough at the time of the actual collision to require the use of headlights.

We have held that where the sequence of events is not too remote in distance and time, then the preceding act or occurrence is admissible for the purpose of showing one continuing act or the probability that the circumstances of the preceding occurrence continued to exist at the time of the subsequent occurrence. Therefore, such preceding occurrence has some relation to the actual mishap. *Missouri Pacific Transportation Co.* v. *Mitchell,* 199 Ark. 1045, 137 S. W. 2d 242; *Wagnon* v. *Porchia,* 235 Ark. 731, 361 S. W. 2d 749; *Jelks* v. *Rogers,* 204 Ark. 877, 165 S. W. 2d 258; *Brooks* v. *Bale Chevrolet Co.,* 198 Ark. 17, 127 S. W. 2d 135. We think Mrs. Thigpen's testimony was clearly admissible for the purpose of showing one continuing act or as a circumstance which tended to show the probability of the conditions existing at the time of the collision.

Furthermore, another witness, Mrs. Kurkendall, was permitted to testify without objection that she had a near collision with appellant as she came upon him from the rear; that she didn't see any lighting on the tractor although it was dark enough to require the use of her lights and that all she was able to discern as she passed him was a form which appeared to be a man on a tractor. Since no objection was made to her testimony, the Thigpen incident being closer in time and distance to the actual collision, we perceive no prejudicial error could result from the admission in evidence of the. Thigpen deposition.

The appellant next contends that the trial court erred in giving appellee's Instruction No. 4. This instruction related to the statutory requirement, Ark. Stat. Ann. § 75-702 (a) and § 75-709 (d) (Supp. 1963), that farm tractors must be equipped with headlights. It is undisputed that the appellant had no headlights on his tractor. Appellant argues that there was no evidence that the absence of these headlights was the proximate cause of the collision. We cannot agree. The collision occurred at approximately seven P.M. on March 29, 1962. There was evidence that it was misting rain and dark, that appellee and the drivers of other vehicles were using

their headlights. Appellee testified he did not see a red light on the rear of appellant's tractor at the time of the collision, although appellant presented evidence that the red light was in use. The diffusion of light from head lamps undoubtedly aids overtaking as well as approaching motorists and certainly would assist motorists under such driving conditions as existed at the time of this collision. There was a sixteen-foot shoulder at the site of the collision which head lamps could have made more readily discernible. This instruction was responsive to the evidence in this case and properly permitted the jury to determine if the absence of headlights was a proximate cause of the collision.

The appellant also questions the clarity of this instruction. We do not think it is susceptible to this objection. Further, the court gave appellant's Instruction No. 10 to the clear effect that the jury could not consider the violation of this statute or the absence of headlights as evidence of negligence unless the jury found by a preponderance of the evidence that such was a proximate cause of the collision.

Appellant next argues that the trial court erred in giving appellee's Instruction No. 5A which reads:

"No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law."

This instruction is based upon Ark. Stat. Ann. § 75-604 (a) (Supp. 1963) entitled "Minimum Speed Regulation". The appellant urges that this is an abstract statement of the law or is not responsive to any evidence since the collision involved only one tractor and one automobile with no other vehicles being involved. Appellant testified he was traveling approximately fourteen miles per hour. Appellee testified that his speed was approximately fifty miles per hour at the time he first observed appellant about twenty-five steps ahead of him. Appellant admitted that he was familiar with this road and knew it was heavily traveled. The appellee testified

that there was oncoming traffic at the time of the collision which made it impossible for him to go around the appellant. It is admitted by appellant that appellee would have had to cross the center line to pass him. There was evidence by two witnesses, Mrs. Thigpen and Mrs. Kurkendall, that preceding the collision they almost drove into the rear of appellant's tractor. As stated, the shoulder was sixteen feet wide at the scene of the accident. We think the instruction was proper.

The appellant next contends for reversal that the trial court erred in refusing to amend appellee's Instruction No. 7 as requested by appellant. This instruction defined the duty of a driver of a vehicle when confronted with an emergency not created by his negligence. Appellant requested the court to include in this instruction the duty of care when the emergency is created by the driver's own negligence. Appellant argues he "was entitled to have it made clear that this emergency rule would not apply if [appellee] was negligent in creating the emergency." This instruction clearly tells the jury in two places that the emergency rule is only available to a driver who is confronted with an emergency "not the result of his own negligence". It was unnecessary to reiterate by separate paragraph or additional words that the emergency rule is not available when the emergency is created by the driver's own negligence.

Finding no reversible error, the judgment is affirmed.