PAUL J. FINLEY, PLAINTIFF, v.
JOHN W. WILEY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided July 11, 1967.

*Mr. Benjamin H. Chodash* for plaintiff (*Messrs. Krieger, Chodash and Politan,* attorneys).

*Mr. Albert M. Neiss* for defendant (*Messrs. Neiss & Radowitz,* attorneys).

LYNCH, J. S. C. Plaintiff moves for a new trial on the ground that the verdict of "no cause for action" rendered by the jury herein is "against the weight of the evidence" so that "it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion." *R. R.* 4:61–1. The particular interest of the motion is the issue as to whether a "slow moving" driver can be held guilty of contributory negligence when struck in the rear by the vehicle of defendant, at least under the circumstances here.

Plaintiff was driving a tractor in a southerly direction on Tonnele Avenue in Jersey City when his tractor was struck in the rear by the car operated by defendant. Tonnele Avenue is a four-lane highway, with two lanes running

south and two north. It is a well-traveled road, where the speed limit is 40 miles per hour.

Prior to the accident defendant had been riding in the left ("fast") southerly lane of Tonnele Avenue. Some distance ahead, but in the right ("slow") lane, there was a large "box" tractor and trailer which, as the evidence disclosed, was traveling behind plaintiff's tractor in the right lane. The tractor-trailer suddenly swerved from the right lane in front of defendant's car, at which point defendant swung to the right into the right lane. Defendant had not seen plaintiff's tractor because of the large tractor-trailer, and saw it for the first time as he swung into the right lane. According to defendant, plaintiff was traveling at about ten miles per hour. Defendant applied his brakes, skidded some 35 feet, overtook and struck plaintiff's vehicle in the rear, resulting in property damage and the personal injuries here sued for.

It was defendant's contention that since he had not been able to see plaintiff's tractor until he turned into the right lane, he was suddenly confronted with its existence; that it was proceeding at an unreasonably slow pace on this well-traveled, busy highway, and that because of the slowness of plaintiff's vehicle plaintiff was guilty of contributory negligence, resting in part on the duty imposed by *N. J. S. A.* 39:4–97.1 with respect to slow-moving vehicles. The court charged that section as a matter to consider on the issue of contributory negligence. The court also submitted two interrogatories: (1) with respect to whether defendant was negligent and (2) whether plaintiff was guilty of contributory negligence—each as a proximate cause of the accident. The jury answered the first interrogatory to the effect that defendant was not negligent, and the second that plaintiff was guilty of contributory negligence.

*N. J. S. A.* 39:4–97.1 reads as follows:

"No person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic ex-

-cept when reduced speed is necessary for safe operation or in com-
pliance with law."

 While there are no reported New Jersey decisions
-construing and applying *N. J. S. A.* 39 :4–97.1 and the im-
plications of its violation *vis-a-vis* negligence or contributory
negligence, identical statutes in other states have been
applied in factual situations where a plaintiff, driving at a
relatively low speed, was struck from behind by another
vehicle and yet was denied recovery.[1]

In *Seaton v. Spence,* 215 *Cal. App. 2d* 761, 30 *Cal. Rptr.*
510 (*D. Ct. App. Cal.* 1963), involving California's "slow
speed" statute identical to that of New Jersey, the court said:

"Though it may seem somewhat singular that a plaintiff whose
truck has been struck in the rear by defendant's automobile should
be denied recovery, we are compelled to hold upon the record here
that the question of whether plaintiff's slow driving upon a much
traveled main highway constituted negligence which contributed
proximately to the accident was one for the jury. The jury was fully
and correctly instructed upon negligence and contributory negligence
and the implied finding of the jury was that appellant was guilty of
contributory negligence." (30 Cal. Rptr., at *p.* 515)

In that case, although defendant, who struck plaintiff's car
in the rear, was admittedly held to be negligent, the appel-
late court affirmed the judgment in his favor, on the ground
that the jury was justified in finding that plaintiff was con-
tributorily negligent and that his negligence was a proxi-
mate cause contributing to the accident in driving his car
at 10-20 miles per hour on a freeway. What the court said
concerning the causative relation between slow-moving ve-
hicles on heavily traveled roads and accidents is not a revela-
tion to those who drive on our highways:

---

[1] We are not unmindful of the distinctions in the various states
as to the effect of a violation of the statute. Some apply it as con-
clusive evidence of negligence, some as presumptive, and others
(including New Jersey) as some evidence of negligence. *Cf. Prosser,
Law of Torts,* (*3d ed.* 1964), § 35, *p.* 202. For purposes of this case,
the distinctions are irrelevant.

"The concept of minimum speed laws, comparatively recent in our legislation, was undoubtedly prompted by a recognition that slow moving vehicles on freeways constitute a hazard to the flow of traffic." (at p. 513)

With reference to the relevant statute, the court said:

"The implied finding of the jury that appellant's slow driving was contributory negligence is supported by section 22400 of the Vehicle Code which provides in part:
'(a) No person shall drive upon a highway at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or because upon a grade or in compliance with law.'
The jury could have concluded that by driving 10 to 20 miles per hour appellant violated that section. Such a violation would raise a presumption of negligence. (Satterlee v. Orange Glenn School Dist., 29 Cal. 2d 581, 177 P. 2d 279.)" (at p. 513)

With respect to the proximate causation of slow driving, the court said:

"Appellant could be held partly responsible for the accident. The implied finding of the jury that appellant was driving negligently undoubtedly was on the theory that a reasonable man would realize such a rate of speed created an unreasonable risk of a traffic accident. Thereafter, in point of time, respondent was admittedly negligent and the accident resulted. Compared to appellant's negligence the act of respondent was an intervening cause. (38 Cal. L. Rev. 398.) However, appellant's negligence does not cease to be a proximate cause of his injuries simply because of the respondent's intervening act. Not every intervening cause relieves an actor of responsibility. (38 Cal. L. Rev. 399; Gibson v. Garcia, 96 Cal App. 2d 681, 216 P. 2d 119.) The very result to be anticipated from traveling 10 to 20 miles per hour on a freeway is just what happened—a fast car colliding with a slow car. Respondent's driving into appellant was a foreseeable intervening cause and appellant must assume contributory responsibility. (Prosser on Torts, 2 ed., p. 268.)" (at p. 514)

The instruction with reference to the slow moving statute as a consideration on the issue of contributory negligence was therefore held to be proper.

In *Markiewicz v. Greyhound Corporation*, 358 F. 2d 26 (7 *Cir*. 1966), the court applied the Indiana slow speed

statute. Plaintiffs were passengers in a bus which struck the rear of co-defendant's trailer. Plaintiffs sued the bus company and the owner and operator of the trailer. There was a judgment in favor of the plaintiffs against both defendants. The trailer company and its driver appealed.

The District Court had made the following finding in support of its judgment against the trailer owner and operator:

"The low speed of the tractor-trailer unit as determined in these findings of fact impeded the normal and reasonable movement of traffic at the time and place in question and its slow speed was deceptive and misleading to the safety of those operators approaching from the rear of the unit including the operator of the bus and Mr. Stone, the operator of the other tractor-trailer, who was barely able to avoid the colliding vehicles."

The court had therefore concluded that the trailer owner and operator were guilty of "causal negligence in the operation of the tractor-trailer at such a low speed as to deceive other operators on the highway and to impede the normal and reasonable movement of vehicular traffic, * * *" and some other factors of negligence.

On appeal the Seventh Circuit said:

"What constitutes illegal 'low speed' under the statute involves a question of fact for the trier of the cause to be determined under the circumstances of the case. Pohlman v. Perry, 122 Ind. App. 222, 103 N. E. 2d 911, 915 (1952)." (at p. 28)

Holding that the bus driver was indeed negligent, the court went on to say:

"* * * it does not follow that the collision, as a matter of law, must necessarily be attributed solely to him. His conduct in passing and giving attention to the Stone vehicle may be characterized as normal incidents of highway travel. Further, the normal flow of traffic does not exclude a situation in which the operator of one vehicle may have but a few seconds in which to arrive at an evaluation as to the speed and relative location of another vehicle on the highway." (at p. 29)

And

"The real issue on this appeal concerns the question of appellants' causal negligence. Whether or not, under the circumstances revealed by the record, the operation of the Contract Carriers, Inc. tractor-trailer was at such a low speed as to deceive others upon the highway and to constitute an impediment to traffic must be determined by the trier of facts. It is the function of the trier of facts to weigh the evidence presented by oral testimony in the case. Koehler v. Ellison, 226 F. 2d 682, 686 (7th Cir. 1955)." (at *p.* 30)

In *Hooten v. DeJarnatt,* 237 *Ark.* 792, 376 *S. W. 2d* 272 (*Sup. Ct.* 1964), plaintiff brought suit for personal injuries sustained by him as a result of defendant's driving his automobile into the rear of a tractor driven by plaintiff. A verdict was returned in favor of defendant. Plaintiff appealed. Affirming the judgment, the Supreme Court of Arkansas said:

"Appellant testified he was traveling approximately fourteen miles per hour. Appellee testified that his speed was approximately fifty miles per hour at the time he first observed appellant about twenty-five steps ahead of him. Appellant admitted that he was familiar with this road and knew it was heavily traveled. The appellee testified that there was oncoming traffic at the time of the collision which made it impossible for him to go around the appellant. It is admitted by appellant that appellee would have had to cross the center line to pass him. There was evidence by two witnesses, Mrs. Thigpen and Mrs. Kurkendall, that preceding the collision they almost drove into the rear of appellant's tractor. As stated, the shoulder was sixteen feet wide at the scene of the accident. We think the instruction was proper." (at *p.* 274)

In *Aanenson v. Engelson,* 267 *Minn.* 1, 124 *N. W. 2d* 360 (*Sup. Ct.* 1963), plaintiff was driving her automobile when it was struck in the rear by defendant's car on a highway where the speed limit was 40 miles per hour. Defendant had contended that plaintiff had been driving at a slow speed in violation of the Minnesota statute, and the jury returned a verdict in favor of defendant. Plaintiff on appeal contended that the Minnesota slow speed statute should not have been charged. The court said:

"If sufficient evidence is introduced to sustain a finding that the prohibited type of slow speed existed and that it played a substantial part in bringing about the collision, the statute is relevant and a party is entitled to have its provisions included in the charge." (at p. 364)

The judgment in favor of defendant was affirmed.

In *Jacobsen v. Hala*, 255 *Iowa* 918, 125 *N. W. 2d* 500 (*Sup. Ct.* 1963), defendant's car struck plaintiff's in the rear, causing personal injuries. The jury returned a verdict in favor of defendant and plaintiff appealed, alleging, among other grounds, that the following instruction given to the jury was error:

"If you should find from the evidence that under the conditions then existing plaintiff was driving her vehicle at a speed that was lss than reasonable and proper under the conditions then existing, the same would constitute contributory negligence if it in any manner or to any degree contributed to the injury and damage complained of."

The court, citing the Iowa slow speed statute (again, identical with ours), held the charge to be proper, saying:

"As a matter of evidence as to possible contributory negligence on the part of plaintiff it was permissible that the court give instruction 24. 60 C. J. S. Motor Vehicles § 290, page 685; Annotations, 66 A. L. R. 2d 1194; Lee v. Smith, 253 Minn. 401, 92 N. W. 2d 117; Szost v. Dykman, 252 Mich. 151, 233 N. W. 203.

In 60 C. J. S. Motor Vehicles supra, it is stated: 'Unreasonably slow speed may constitute negligence under a statute requiring a driver to drive at a careful and prudent speed not greater than or less than is reasonable and proper.' These are the words used in Iowa Code Section 321.285. In addition to the testimony of plaintiff as to the slowness of the movement of her vehicle there is other evidence from which the jury could make a computation as to such slowness of travel. From the point where defendant passed plaintiff going west to the school house to the point of the collision, which happened afterwards, the distance was approximately 500 feet. During the time plaintiff drove such 500 feet, defendant traveled to the school house and let out his little girl and returned to the point of accident, which was a distance of approximately one mile. In other words, defendant was traveling one mile at his stated speed of 30 to 35 miles an hour while plaintiff was traveling 500 feet or a distance of about 1/10th of one mile. The jury could have computed that

under such circumstances plaintiff was only traveling 2 or 3 miles an hour.

In case of Lee v. Conrad [140 Iowa 16, 117 N. W. 1096], supra, we said: 'The issues with reference to which the instruction was given appeared in the testimony, and that was enough to justify an instruction by the court.'

\* \* \* \* \* \* \* \*

\* \* \* if she was proceeding slowly up the hill it was logical, proper and in order that the trial court should give instruction 24 in the form in which it was given. This is especially true in view of the provisions of statute with reference to the matter of slow driving." (at *pp.* 505–506)

See also Annotations, 66 *A. L. R. 2d* 1194; 5 *A. L. R. 2d Later Case Service,* at *p.* 1015.

■ The court has reviewed its notes of the trial herein and considered the argument of counsel. While the jury might properly have found defendant negligent and the court might also find that the answer to interrogatory (1) was against the weight of the evidence in the respect of defendant's negligence, the court cannot hold that the answer to interrogatory (2), *i. e.,* that the plaintiff was guilty of contributory negligence which was a proximate cause of the accident, is "against the weight of the evidence" so that it "clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion."

■ Common experience of those who drive on today's heavily trafficked roads dictates a recognition of the fact that those who drive at inordinately slow speeds do create hazards upon our highways—at least on well-traveled, relatively high-speed roads. The jury may well have applied that fact of life to the circumstances here in reaching the conclusion that plaintiff was guilty of contributory negligence which was a proximate cause of the accident here involved. Since, therefore, a finding of contributory negligence on the part of plaintiff, as indicated by the jury's answer to interrogatory (2), sustains a verdict of "no cause for action," the court denies plaintiff's motion for a new trial.