FLORENCE T. FONVILLE, ADMINISTRATRIX OF ESTATE OF DR. J. S. NATHANIEL TROSS, DECEASED v. ARSON G. DIXON

No. 7227SC678

(Filed 20 December 1972)

Automobiles § 88— unreasonably slow speed — sufficiency of evidence to submit contributory negligence issue to jury

 The trial court properly charged the jury on G.S. 20-141(h) (unreasonably slow speed) and properly submitted the issue of plaintiff's contributory negligence to the jury where the evidence tended to show that plaintiff was operating his vehicle at a speed of approximately 25 mph on Interstate Highway 85 on a rainy day when he was hit from behind by defendant's vehicle which was being operated at approximately 50 mph.

APPEAL by plaintiff from *Jackson, Judge,* 15 May 1972 Civil Session of GASTON County Superior Court.

Dr. Tross was injured in a collision between his automobile and that of the defendant Dixon, and filed this civil action for recovery of damages. Dr. Tross died, not as a result of the accident, after the filing of the complaint; and his daughter, plaintiff Florence T. Fonville, as his Administratrix, was made party plaintiff to the action.

The accident complained of occurred at 1:45 p.m. on 17 January 1970. Dr. Tross was driving a 1961 Chrysler automobile in a southerly direction along Interstate Highway 85 in Gaston County at a slow speed. Defendant's vehicle collided with the rear end of plaintiff's vehicle.

On the day of the collision it was raining and the highway was wet. Interstate Highway 85 at this point had a maximum posted speed limit of 65 miles per hour, and a minimum posted speed limit of 45 miles per hour. It was divided with two lanes for southbound traffic.

Plaintiff's evidence, as preserved in a deposition, tends to show that he intended to go into Charlotte, North Carolina, missed the proper turn, and ended up heading south on Interstate 85 toward Gastonia. Just as plaintiff headed onto a bridge his car "bucked a little," as plaintiff testified that it tended to do when running out of gas. Plaintiff feared that the car was running out of gas. Although the engine never quit running, he stopped the car on the bridge, and turned off the engine. He "had a conversation with this lady about two-thirds across the bridge," but then got back into his car, started the engine, and began driving off. Plaintiff said he did not see any vehicles to the rear of his car when he started again, and admitted that he did not look into his rear view mirror or turn around in the car to look behind him. He estimated that the car must have traveled about 20 or 25 car lengths from where it was stopped to the point of impact.

Defendant testified as witness for the plaintiff, that he was traveling south on Interstate 85 toward Gastonia following a tractor-trailer. He was in the right lane, and going about 50 miles per hour because of the weather conditions. Defendant first saw the Tross vehicle when the trailer truck he was following turned into the left-hand passing lane. Defendant estimated that when he first saw plaintiff's car he was about 125 to 150 feet from the plaintiff. Defendant testified, "The biggest part of the Tross car was in the right-hand lane when I first saw him. There was one wheel, the best I could see was over— he was into an angle in it when I first saw him. The truck I was following moved out and was getting in the second lane before I ever saw it, the vehicle of Dr. Tross. The truck was going into the left lane moving out from in front of me into the left lane. I thought the Tross vehicle was coming to a complete

stop when I first saw him. I couldn't say how fast he was moving. It was very slow. I couldn't estimate his speed."

When defendant first saw the plaintiff's car he applied his brakes and attempted to switch into the left lane to pass; however, as he turned, he heard the sound of truck air brakes in the left lane beside him, and turned back into the right lane. There not being enough room to change lanes, and no room to stop, defendant hit the rear of plaintiff's automobile.

In addition to his own testimony defendant offered testimony of the investigating State Highway Patrol officer, who testified that plaintiff said he was going about 25 miles per hour, that a truck had come up behind him, and that he changed lanes, from the left to the right lane, to move out of the truck's way.

The officer further testified, "I asked him why he was driving so slow. He said he didn't drive very fast, and his car wasn't the best."

Issues were submitted to the jury on the defendant's negligence, plaintiff's contributory negligence, plaintiff's damages, and defendant's damages.

The jury found that defendant had been negligent and that plaintiff also had been negligent, and the damage issues were not answered.

*Basil L. Whitener and Anne M. Lamm for plaintiff appellant.*

*Hollowell, Stott & Hollowell by L. B. Hollowell, Jr., for defendant appellee.*

CAMPBELL, Judge.

Appellant's brief contains thirteen questions involved on the appeal, comprising two pages of the index of the brief and four pages of the brief. Appellant's attention is directed to Rule 27½ of the Court of Appeals Rules of Practice, which provides that the first page of the appellant's brief shall be used for a *succinct statement* of the questions involved on the appeal, which statement should not ordinarily exceed fifteen lines, *and should never exceed one page.* The rules of this Court are mandatory, not advisory.

Appellant's arguments 1, 3, and 4 concern alleged error in the trial court's failure to direct a verdict against the defendant on his counterclaim for damages, failure to set aside the verdict and grant a new trial, and error in entering the judgment.

Appellant's arguments 2 and 12 allege error in the court's submission of an issue on plaintiff's contributory negligence, and in charging the jury on G.S. 20-141(h), (unreasonably slow speed).

Appellant's arguments 5 and 6 concern alleged error in the exclusion of testimony to the effect of plaintiff's injuries.

Appellant's argument number 11 asserts error in the trial court's instruction concerning plaintiff's damages.

Appellant's argument number 13 asserts that the trial court failed properly to explain the law arising upon the evidence in the case.

Appellant's arguments 7, 8, 9 and 10 assert error in exclusion of testimony as to defendant's negligence and error in the trial court's instruction as to the defendant's negligence. Since the issue of defendant's negligence was answered in appellant's favor, these latter arguments have no merit on appeal. *Wooten v. Cagle,* 268 N.C. 366, 150 S.E. 2d 738 (1966) (error in the exclusion or admission of evidence); *Brown v. Griffin,* 263 N.C. 61, 138 S.E. 2d 823 (1964) (error in the charge).

Plaintiff appellant vigorously argued, however, that under no view of the evidence in this case could it be found that he was contributorily negligent; specifically, that the evidence did not support an instruction that if the jury should find plaintiff was driving at an unreasonably slow speed, which slow speed was a proximate cause of plaintiff's injury, it should find against the plaintiff. Plaintiff's argument is untenable.

G.S. 20-141(b1) provides:

> "Except as otherwise provided in this Chapter, and except while towing another vehicle, and except when an advisory safe speed sign indicates a slower speed, it shall be unlawful to operate a passenger vehicle . . . upon the

interstate and primary highway system at less than the following speeds:

&ast;   &ast;   &ast;   &ast;

(2) Forty-five (45) miles per hour in any speed zone of sixty (60) miles per hour or greater.

&ast;   &ast;   &ast;   &ast;

In all civil actions, violations of this subsection relating to minimum speeds shall not constitute negligence per se."

G.S. 20-141(h) provides:

"No person shall operate a motor vehicle on the highway at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation because of mechanical failure or in compliance with law; ... "

Generally, and without regard for the moment to the above statutes, the law provides that when a motorist operates his vehicle on the public highway where others are apt to be, his rights are relative. *Williams v. Henderson,* 230 N.C. 707, 55 S.E. 2d 462 (1949). The relative duties automobile drivers owe one another when they are traveling along a highway in the same direction are governed ordinarily by the circumstances in each case. *Racine v. Boege,* 6 N.C. App. 341, 169 S.E. 2d 913 (1969).

In the absence of anything which would alert him to danger, the law does not require a motorist to anticipate specific acts of negligence on the part of another, but he is entitled to assume and to act on the assumption that others will exercise due care for their own safety. *Simmons v. Rogers,* 247 N.C. 340, 100 S.E. 2d 849 (1957).

In the instant case, we are not concerned with the negligence of the defendant. He was negligent, and the jury so found. We are concerned with whether there was sufficient evidence of negligence on the part of Dr. Tross to go to the jury. To answer this we are required to take the evidence most favorable to the defendant. We think the evidence is sufficient to warrant submission of an issue of plaintiff's contributory negligence, and to withstand a motion for directed verdict on defendant's counterclaim under the authority of *McClellan v. Cox,* 258

N.C. 97, 128 S.E. 2d 10 (1962). In *McClellan* it was held that a motorist, who was proceeding in the right-hand lane, was liable for injuries sustained in an accident which occurred when he cut across to the passing lane without giving a signal and began slowing down in front of the plaintiff, who was proceeding in the passing lane, and whose automobile struck the rear of the other automobile.

Specifically with reference to G.S. 20-141(h), there are no North Carolina cases reported which have held the plaintiff contributorily negligent for traveling at an excessively slow speed, but many cases can be found from other jurisdictions to support this result. See Annot., 66 A.L.R. 2d 1194 (1959).

It has been held in construing statutes identical to G.S. 20-141(h) that the purpose of such statutes is rooted in recognition that the slow driver may be the cause of fatal highway accidents as well as the fast driver. *Hageman v. Townsend,* 144 Mont. 510, 398 P. 2d 612 (1965); *Bentzler v. Braun,* 34 Wis. 2d 362, 149 N.W. 2d 626 (1967).

Where the evidence tends to show that the plaintiff or defendant was traveling at a slow speed, a jury question is presented whether under the circumstances the speed was so slow as to impede reasonable movement of traffic, and whether there was justification for the slow speed. *Griffin v. Illinois Bell Telephone Company,* 34 Ill. App. 2d 87, 180 N.E. 2d 228 (1962); *Netterville v. Crawford,* 233 Miss. 562, 103 So. 2d 1 (1958).

In *Jacobsen v. Hala,* 255 Iowa 918, 125 N.W. 2d 500 (1963), the plaintiff sued for damages for personal injury when defendants' automobile collided with the rear end of plaintiff's automobile. Plaintiff's estimated speed was about 10 miles per hour; it had snowed the night before the accident; plaintiff testified that she was proceeding slowly up a gradual hill. Defendant testified that plaintiff was backing down the hill in his lane. This evidence was held to support an instruction on the slow speed statute, and to support a jury finding that plaintiff was contributorily negligent.

It was held in *Quint v. Porietis,* 107 N.H. 463, 225 A. 2d 179 (1966), where the plaintiff sued for wrongful death, that whether the decedent's car was motionless or traveling slowly on the high-speed, limited-access highway, such facts were sufficient to go to the jury on the issue of contributory negligence. The court remarked that a vehicle being operated at a

subnormal speed may very well create a hazard upon the highway designed and customarily used to carry fast-moving traffic. A case to the same effect is *Angell v. Hester,* 186 Kan. 43, 348 P. 2d 1050 (1960).

The very result to be anticipated from traveling ten to twenty miles per hour on a freeway designed for high-speed driving is that a fast car will collide with a slow car. The defendant's driving into the plaintiff, in *Seaton v. Spence,* 215 Cal. App. 2d 761, 30 Cal. Rptr. 510 (1963), was a foreseeable intervening cause, from which plaintiff must assume contributory responsibility. The question of whether plaintiff's slow driving upon a much traveled main highway constituted negligence which contributed proximately to the accident is a question for the jury.

*Fairbanks v. Travelers Insurance Company,* 232 So. 2d 323, *cert. denied,* 255 La. 1097, 234 So. 2d 194 (1970), was a case of first impression in Louisiana on a statute similar to G.S. 20-141 (h). The court observed that adoption of the statute is legislative recognition of the fact that it is just as inherently dangerous for a vehicle to move at an unreasonably slow speed on the highway as it is to travel at an excessive speed. Either of these facts can be a contributing cause to an accident. The court further held, "Whether or not the speed in a particular case is slow enough to be in violation of the regulatory statute, and whether it is a legal or proximate cause of an accident, must necessarily be determined in relation to all of the facts and circumstances existing in that particular case. This would properly be a question to be decided by the trial judge or jury, and if there is sufficient evidence to support their finding, appellate courts should not substitute their own conclusions for that of the jury." *Fairbanks v. Travelers Insurance Company,* 232 So. 2d 323, 328.

And in *Hooten v. DeJarnatt,* 237 Ark. 792, 376 S.W. 2d 272 (1964), the plaintiff was properly held contributorily negligent in a suit for damages sustained when defendant's automobile collided with the rear of plaintiff's tractor, where plaintiff was traveling about fourteen miles per hour on a heavily traveled highway, and the defendant, who was traveling 50 miles per hour, first saw the plaintiff when he was too close to stop, but could not pass due to oncoming traffic in the other lane. It should be noted that the North Carolina Statute exempts farm tractors.

---

---

Common experience of those who drive on today's heavily trafficked roads dictates a recognition of the fact that those who drive at excessively slow speeds do create hazards upon the highways, particularly a highway which is part of the Federal Interstate Highway System.

We have considered all other assignments of error and can find no prejudicial error in the record of this trial. The proper issues were submitted to the jury under proper instruction. Since the jury found the plaintiff to have been contributorily negligent, it did not consider the damages issue.

No error.

Judges MORRIS and PARKER concur.